IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
a Michigan corporation,

    Plaintiff,

vs.

NAVIGATION CATALYST SYSTEMS, INC.,
a Delaware corporation; BASIC
FUSION, INC., a Delaware corporation;
CONNEXUS CORP., a Delaware
corporation; and FIRSTLOOK, INC., a
Delaware corporation,

    Defendants.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

| Anthony P. Patti (P43729) | John P. Jacobs (P15400) |
|---|---|
| HOOPER, HATHAWAY PRICE BEUCHE & WALLACE | JACOBS AND DIEMER, P.C. |
| Attorney for Plaintiff | Local Counsel for Defendants |
| 126 S. Main Street | 500 Griswold Street, Suite 2825 |
| Ann Arbor, MI 48104 | Detroit, MI 48226-3480 |
| (734) 662-4426 | (313) 965-1900 |
| apatti@hooperhathaway.com | jpj@jpjpc.com |
| | |
| Brian A. Hall (P70865) | William A. Delgado (admission pending) |
| Enrico C. Schafer (P43506) | WILLENKEN WILSON LOH & LIEB LLP |
| Attorneys for Plaintiff | Lead Counsel for Defendants |
| TRAVERSE LEGAL PLC | 707 Wilshire Blvd., Suite 3850 |
| 810 Cottagview Drive, Suite G-30 | Los Angeles, CA 90017 |
| Traverse City, MI 49684 | (213) 955-9240 |
| (231) 932-0636 | williamdelgado@willenken.com |
| brianhall@traverselegal.com | |
| enrico@traverselegal.com | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO

## FED. R. CIV. P. 12(B)(2) OR, IN THE ALTERNATIVE, TRANSFER

# INDEX OF PRINCIPAL AUTHORITIES CITED

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)..................................3

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1237 (6th Cir. 1981)..........................3

*Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 763, 772................................3

*Ford Motor Co. v. Great Domains.Com, Inc.*, 177 F.Supp.2d 628 (E.D.Mich. 2001)(on Reconsideration..................................................................................................5

*Providers Access and Saving System, Inc. v. The Regence Group, Inc.*, 2007 WL 1106145, 8 (E.D.Mich.,2007).....................................................................................5

*See, Inc. v. Imago Eyewear Pty Ltd*, 2004 WL 5569067, 6 (E.D.Mich.,2004).....................5

*Southern Machine Co. v. Mohasco Indus., Inc.*, 410 F.2d 374, 381 (6th Cir. 1968)................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Plaintiff's Opposition suffers from <u>five</u> fundamental flaws. <u>First</u>, Plaintiff relies on "facts" for which it has no evidence (because no such evidence exists). <u>Second</u>, it conflates the analysis of "general" personal jurisdiction with the analysis of "specific" personal jurisdiction because it realizes that, when each is analyzed discreetly—as they should be—neither applies in this case. <u>Third</u>, it relies on a novel theory of "conspiracy jurisdiction" though its pleadings are insufficient to satisfy the application of such jurisdiction (assuming it is even available). <u>Fourth</u>, it is altogether silent as to the existence of its California office, where <u>its very own</u> "nerve center" is located and where, undoubtedly, any harm would actually be felt <u>with primacy</u> for purposes of analyzing the Michigan Long-Arm Statute or the "Effects" Doctrine. <u>Finally</u>, <u>Plaintiff's Brief ignores the thoughtful discussion tendered by several other Judges of this federal District in disagreement with Judge Cleland's *Great Domain*'s Opinion on this very point, or indeed, that Judge Cleland backtracked on his own Opinion. This telling analysis now follows.</u>

## I. PLAINTIFF RELIES ON "FACTS" FOR WHICH NO SUPPORT EXISTS.

Perhaps realizing that they have no actual facts on which to predicate the exercise of personal jurisdiction, Plaintiff resorts to fabricating facts out of whole cloth. Most notable among these:

- That Defendants "earn substantial revenue from Michigan consumers and advertisers" (Opp. at p. 1).

- That Defendants "specifically designed and implemented their software" to target trademark holders (Opp. at p. 2, fn. 3).

1

- That visitors to one of Defendants' domains see the FirstLook Terms of Service (Opp. at p. 9).
- That Defendants "purposefully selected Wunderground's Marks…" (Opp. at 13).

None of these is true. What is particularly egregious is that Plaintiff makes these allegations in the <u>face</u> of the declarations provided by Defendants, under penalty of perjury, which explain why such facts are not true. This motion should be decided on admissible evidence that is true…not on plaintiff's wild suppositions and machinations.

II. <u>PLAINTIFF CONFLATES THE THEORIES OF "GENERAL" PERSONAL JURISDICTION AND "SPECIFIC" JURISDICTION.</u>

In short, Plaintiff's argument can be summed up as follows: Defendants have had *some* contact with Michigan, so jurisdiction must be proper in *this* case. And, because that argument can only prevail if the theories of "general" personal jurisdiction and "specific" personal jurisdiction are conflated, Plaintiff proceeds to do just that.

This Court should decline Plaintiff's invitation. Rather, the Court should first determine whether Defendant's conduct *vis-à-vis* Michigan is sufficient to support a finding of general personal jurisdiction. For reasons explained in Defendants' moving papers, the answer is no. Defendants' sporadic activity simply isn't sufficient to constitute <u>the</u> "systematic and continuous" contact <u>necessary for the exercise of general personal jurisdiction</u>. Then, after making a determination on general personal jurisdiction, and in determining specific personal jurisdiction, the Court must look to see if any of Defendant's conduct resulted in *this* particular lawsuit. *Southern Machine Co. v. Mohasco Indus., Inc.*, 410 F.2d 374, 381 (6th Cir. 1968) ("The cause of action must arise from the defendant's activities there.").

However, as can be seen from Defendants' declarations, none of their isolated and sporadic activities in Michigan give rise to jurisdiction in *this* particular lawsuit. Neither the after the fact hiring of an employee by an unrelated Connexus subsidiary nor the selling of an unrelated domain name have anything to do with this particular lawsuit, and, thus, this activity must be disregarded for purposes of specific personal jurisdiction. What actions *should* be considered for purposes of analyzing specific personal jurisdiction? That, as Plaintiff concede, Defendants operate websites which Michigan residents (as well as residents across the country and globe) can view but from which they must be redirected to actually transact any business (Opp. at 11), an action which has been uniformly held to be insufficient to confer jurisdiction. *Ford Motor Co. v. Great Domains, Inc.*, 141 F. Supp. 2d 763, 772 (original opinion citing cases).

### III. "CONSPIRACY THEORY" JURISDICTION IS UNAVAILABLE IN THIS CASE.

Although the Sixth Circuit has "neither adopt[ed] nor reject[ed] the 'conspiracy theory' of *in personam* jurisdiction as a general principle of law," it has held that "totally unsupported allegations of conspiracy cannot constitute sufficient contacts with Michigan to justify an exercise of personal jurisdiction over [a non-resident defendant] by the District Court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1237 (6th Cir. 1981). Moreover, the Supreme Court has suggested that "pleadings mention[ing] no specific time, place, or person involved in the alleged conspiracies" would likely fail to provide the notice required by Federal Rule of Civil Procedure 8. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007).[1]

Here, Plaintiff's generic and conclusory allegations of conspiracy are not supported by any factual assertions and could easily apply to any group of entities engaging in domain

---

[1] The Supreme Court in *Twombly* made this suggestion in the context of reviewing a motion to dismiss a complaint alleging antitrust conspiracy.

3

monetization. See Compl. ¶¶ 58-59, 163-71. Nor do Plaintiff's allegations specify which of the Defendants entered into the alleged agreement, or when and where the agreement took place. See id. Thus, such "totally unsupported allegations" cannot constitute sufficient contacts with Michigan to justify the exercise of jurisdiction over Defendants. Since Plaintiff has failed to establish specific jurisdiction as to any of the Defendants, the conspiracy theory of jurisdiction has no application here.[2]

IV. PLAINTIFF'S OPPOSITION IS WHOLLY SILENT AS TO THE EXISTENCE OF ITS CALIFORNIA OFFICE.

In its moving papers, Defendants were transparent with the Court as to its (unrelated and, ultimately, irrelevant) contacts with the State of Michigan. The same is not true of Plaintiff, who takes great pain to explain what business it does in Michigan while remaining wholly and eerily silent as to the existence of its California corporate office. As Defendants noted in their moving papers, Plaintiff's "nerve center"—where its CEO and other high-level officers work and from where its corporate business is transacted—is located in Northern California. Thus, it would be improper for the Court to assume that any injury to Plaintiff was necessarily "felt" in Michigan. Given that Plaintiff's "nerve center" is in California, the reality is that, for purposes of analyzing the Michigan Long Arm Statute and the "Effects" Doctrine, whatever injury Plaintiff has suffered, was actually "felt" in California at its principal site much more so than in Michigan.

V. OTHER JUDGES FROM THIS DISTRICT DISAGREE WITH *GREAT DOMAINS*

---

[2] Notably, Plaintiff does not even specify which one of the Defendants Plaintiff believes jurisdiction has been established for purposes of applying the conspiracy theory of jurisdiction. See Opp. at 16-17.

4

Other Judges from this District disagree with the Great Domains Opinion, including Judge Cleland, himself, who stated that his original opinion went too far and on reconsideration decided against exercising personal jurisdiction over defendants. See, *Ford Motor Co. v. Great Domains.Com, Inc.*, 177 F.Supp.2d 628 (E.D.Mich. 2001)(on Reconsideration). Judge Duggan cited and analyzed *Great Domains* but refused jurisdiction because where the actions of the website subscriber, as opposed to the website creator, have a relationship with the forum state, the website creator is not found to have "expressly aimed" its activities at the forum state. See *Providers Access and Saving System, Inc. v. The Regence Group, Inc.*, 2007 WL 1106145, 8 (E.D.Mich.,2007) ("While Plaintiffs' marks also are contained on insurance cards the Regence Defendants issue to their subscribers, those cards only find their way into Michigan-if they do at all-via the actions of the subscribers, not because of any deliberate act by the Regence Defendants."); see also Judge Borman's Opinion in *See, Inc. v. Imago Eyewear Pty Ltd*, 2004 WL 5569067, 6 (E.D.Mich.,2004).

## Conclusion

Defendants respectfully request that the Court grant its motion to dismiss or, in the alternative, transfer this matter to the U.S. District Court for the Central District of California.

RESPECTFULLY SUBMITTED this 27th day of May 2009.

/s/ William A. Delgado (admission pending)
William A. Delgado (admission pending)
WILLENKEN WILSON LOH & LIEB LLP
Lead Counsel for Defendants
williamdelgado@willenken.com

/s/ John P. Jacobs
John P. Jacobs (P15400)
JACOBS AND DIEMER, P.C.
Local Counsel for Defendants
jpj@jpjpc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
    a Michigan corporation,

    Plaintiff,

vs.

NAVIGATION CATALYST SYSTEMS, INC.,
    a Delaware corporation; BASIC
FUSION, INC., a Delaware corporation;
CONNEXUS CORP., a Delaware
corporation; and FIRSTLOOK, INC., a
Delaware corporation,

    Defendants.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

| | |
|---|---|
| Anthony P. Patti (P43729)<br>HOOPER, HATHAWAY PRICE<br>BEUCHE & WALLACE<br>Attorney for Plaintiff<br>126 S. Main Street<br>Ann Arbor, MI 48104<br>(734) 662-4426<br>apatti@hooperhathaway.com<br><br>Brian A. Hall (P70865)<br>Enrico C. Schafer (P43506)<br>Attorneys for Plaintiff<br>TRAVERSE LEGAL PLC<br>810 Cottagview Drive, Suite G-30<br>Traverse City, MI 49684<br>(231) 932-0636<br>brianhall@traverselegal.com<br>enrico@traverselegal.com | John P. Jacobs (P15400)<br>JACOBS AND DIEMER, P.C.<br>Local Counsel for Defendants<br>500 Griswold Street, Suite 2825<br>Detroit, MI 48226-3480<br>(313) 965-1900<br>jpj@jpjpc.com<br><br>William A. Delgado (admission pending)<br>WILLENKEN WILSON LOH & LIEB LLP<br>Lead Counsel for Defendants<br>707 Wilshire Blvd., Suite 3850<br>Los Angeles, CA 90017<br>(213) 955-9240<br>williamdelgado@willenken.com |

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN  )
                           )SS
COUNTY OF WAYNE  )

I certify that on May 27, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Anthony P. Patti (P43729)
HOOPER, HATHAWAY PRICE BEUCHE
   &amp; WALLACE
Attorney for Plaintiff
126 S. Main Street
Ann Arbor, MI 48104
(734) 662-4426
apatti@hooperhathaway.com

Brian A. Hall (P70865)
Enrico C. Schafer (P43506)
TRAVERSE LEGAL PLC
Attorneys for Plaintiff
810 Cottagview Drive, Suite G-30
Traverse City, MI 49684
(231) 932-0636
enrico@traverselegal.com
brianhall@traverselegal.com

William A. Delgado (admission pending)
WILLENKEN WILSON LOH & LIEB LLP
Lead Counsel for Defendants
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com

Respectfully submitted,

/s/John P. Jacobs
John P. Jacobs (P15400)
JACOBS AND DIEMER, P.C.
Local Counsel for Defendants
500 Griswold Street, Suite 2825
Detroit, MI 48226-3480
(313) 965-1900
jpj@jpjpc.com