IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
    a Michigan corporation,

        Plaintiff,

                                         Case No. 2:09-CV-10756
vs.                                         Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
    a Delaware corporation; BASIC FUSION, INC.,
    a Delaware corporation; CONNEXUS CORP.,
    a Delaware corporation; and FIRSTLOOK, INC.,
    a Delaware corporation,

        Defendants.
_____

| | |
|---|---|
| Enrico Schaefer (P43506)<br>Brian A. Hall (P70865)<br>TRAVERSE LEGAL, PLC<br>810 Cottageview Drive, Unit G-20<br>Traverse City, MI 49686<br>231-932-0411<br>enrico.schaefer@traverselegal.com<br>brianhall@traverselegal.com<br>Lead Attorneys for Plaintiff | William A. Delgado (admission pending)<br>WILLENKEN WILSON LOH & LIEB LLP<br>707 Wilshire Boulevard, Suite 3850<br>Los Angeles, CA 90017<br>(213) 955-9240<br>williamdelgado@willenken.com<br>Lead Counsel for Defendants |
| Anthony P. Patti (P43729)<br>HOOPER HATHAWAY, PC<br>126 South Main Street<br>Ann Arbor, MI 48104<br>734-662-4426<br>apatti@hooperhathaway.com<br>Attorneys for Plaintiff | John P. Jacobs (P15400)<br>JACOBS AND DIEMER, P.C.<br>500 Griswold Street, Suite 2825<br>Detroit, MI 48226-3480<br>(313) 965-1900<br>jpj@jpjpc.com<br>Local Counsel for Defendants |
_____

**JOINT REPORT UNDER FED. R. CIV. P. 26(f)**

Plaintiff, The Weather Underground, Inc., ("Plaintiff"), by and through its counsel, Traverse Legal, PLC, and Hooper Hathaway, PC, files this joint report under Fed. R. Civ. P. 26(f)(2).

**Meeting of Counsel.** A telephonic Rule 26(f) conference was scheduled by Plaintiff's counsel and held on December 15, 2009. Enrico Schaefer participated in the meeting for Plaintiff; William Delgado participated for Defendant. The dates included in Plaintiff's portion of this document were proposed to Mr. Delgado during that phone conference, with no specific objection lodged. On December 16, 2010, Plaintiff presented a Proposed Planning Conference Report (PPCR), which included all of the dates and proposals below, which were also discussed during the Rule 26(f) conference.

On January 2, 2010, Defense counsel sent the email attached as *Exhibit A,* indicating for the first time that his client could not agree with the proposed dates. Defense counsel proposed one (1) year of discovery with no further edits to the PPCR. Plaintiff's counsel noted non-compliance with the Court Rules and a concern that Defendant was simply seeking to delay a jury trial in this matter in an email and attached letter dated Monday, January 4, 2010. *Exhibit B.* Later on Monday, Defense Counsel sent a letter detailing his client's rationale for their proposed one year of discovery. *Exhibit C.* However, no proposed alternatives to any other dates proposed below were – or have been – provided for inclusion in this Joint Planning Conference Report (JPCR).

This JPCR was initially due on December 29, 2009.[1]  Despite requests for extensions until January 4, 2010, Plaintiff still has not received information that Defendant objects to any other portion of this JPCR beyond the discovery period, and no alternative plan has been submitted for inclusion in this report.

It is Plaintiff's position that the below discovery plan is adequate and appropriate for this matter in which (a) Plaintiff's trademarks are registered and many of them are incontestable (it does not appear that Defendant will challenge Plaintiff's marks), (b) Defendant admits registering all of the subject domains, and (c) Defendant's primary defense is that its software system auto-registered the domains.  Recall that the only remaining Defendant in this action is Navigation Catalyst Systems, as the other Defendants were dismissed for lack of personal matter jurisdiction.  It remains Plaintiff's belief that Defendant's goal is to delay discovery and trial.

**1.     Initial Disclosures Required by Fed. R. Civ. P. 26(a)(1).**

The due date for Initial Disclosures under FRCP 26(a)(1)(C) was December 29, 2009, 14 days after the parties' Rule 26(f) conference conducted on December 15,

---

[1]  FRCP26(f)(2) Conference Content; Parties' Responsibilities.

In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person. (Emphasis added).

2009.[2]  Plaintiff served its initial disclosures by the December 29, 2009.  Defendant requested that this due date be extended to January 4, 2010, which was agreed to by Plaintiff's counsel.  Defendant has yet to file its initial disclosures as required under the Court rules, or as requested by way of extension, as of this filing on January 5, 2010.

### 2.    Discovery Plan.

_Plaintiff's Proposal_:

Plaintiff proposed to Defendant the following discovery plan by transmittal of the PPCR on December 16, 2009:

(a)    Discovery will be needed on the following subjects:

The parties shall conduct discovery on their claims and defenses.

(b)    All discovery will commence in time to be completed by June 30, 2010.

(c)    The parties shall conduct discovery as provided in the Federal Rules of Civil Procedure.  Plaintiffs also note that there are a large number of potential third party companies whose trademarks are arguably being infringed by Defendant NCS. A primary factor in determining whether Defendant NCS is cybersquatting in bad faith, thus triggering the Court's award of statutory damages and attorney fee under 15 U.S.C. §§ 1117(a), (d), is whether NCS has registered domains which infringe third party trademarks.  See 15 U.S.C. §

---

[2]  FRCP 26(a)(1)(C):  _Time for Initial Disclosures — In General._ A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

1125(d)(1)(B)(i)(VIII). Plaintiff intends on sending depositions by written questions under Fed. R. Civ. Proc. 31 to these third party trademark holders, but is limited to no more than 10 depositions, including depositions under Fed. R. Civ. Proc. 30, without leave of court. Plaintiff hereby requests permission under Fed. R. Civ. Proc. 31(a)(2) to conduct up to ten (10) oral depositions and up to seventy-five (75) depositions by written questions of third party trademark holders as necessary.

      (d)    Expert Discovery:

          Expert Disclosures and Reports are due on July 1, 2010.

          Expert Depositions will take place by July 30, 2010, or as agreed by the parties.

          Rebuttal expert disclosures are due July 23. 2010

          Rebuttal Expert depositions will take place by August 15, 2010, or as agreed by the parties.

*Defendant's Proposal:* Defendant has proposed a 12 month discovery period, as noted in Exhibits A & C. No other objection was lodged by Defendant during December 15 Rule 26(f) conference or thereafter. No alternative language provided.

**(3)    Other Agreed Upon Items:**

*Plaintiff's Proposal:* Plaintiff proposed to Defendant the following discovery plan by transmittal of the PPCR on December 16, 2009:

      (a)    Parties should be allowed until February 18, 2010, to join additional parties and to amend the pleadings.

(b)    All  potentially  dispositive  motions  should  be  filed  by September 10, 2010.

(c)    Parties  will  serve  their  trial  witness  and  exhibit  lists  by August 31, 2010.

*Defendant's Proposal:*  No objection lodged by Defendant during December 15 phone conference or thereafter.  No alternative language provided.

(d)    **Jury Trial:**

*Plaintiff's Proposal:* Plaintiff  proposed  to  Defendant  the  following  discovery  plan  by transmittal of the PPCR on December 16, 2009:

A jury trial was timely demanded.  The parties estimate trial will occupy seven (7) days.

*Defendant's Proposal:*  No objection lodged by Defendant during December 15 phone conference or thereafter.  No alternative language provided.

**(4)  Fed. R. Civ. P. 26(f)(4).  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

*Plaintiff's Proposal:* Plaintiff  proposed  to  Defendant  the  following  discovery  plan  by transmittal of the PPCR on December 16, 2009:

The  parties  contemplate  proposing  entry  of  a  discovery  protective  order governing  confidentiality  in  this  action.   The  parties  will  exchange  drafts  of  a proposed order to be submitted to the Court.

*Defendant's Proposal:*  No objection lodged by Defendant during December 15 phone conference or thereafter. No alternative language provided.

**(5)  Case Evaluation under L.R. 16.3.**

*Plaintiff's Proposal:* Plaintiff proposed to Defendant the following discovery plan by transmittal of the PPCR on December 16, 2009:

> A Case Evaluation Form will be filed with the Court.  The parties elect facilitative mediation to be completed by July 1, 2010.

*Defendant's Proposal:*  No objection lodged by Defendant during December 15 phone conference or thereafter.  No alternative language provided.

**(6)  Electronic Discovery**

*Plaintiff's Proposal:*  Plaintiff proposed to Defendant the following discovery plan by transmittal of the PPCR on December 16, 2009:

> Counsel have discussed the disclosure and preservation of electronically stored information, including but not limited to, the form or forms in which such data will be produced.  The parties agree to the following procedures for preservation, disclosure and management of electronically stored information: The parties shall take all reasonable steps to ensure the preservation of electronically stored information; such information shall be considered encompassed within the parties' propounded discovery requests; in the event that any propounded discovery request is alleged to be burdensome by virtue of the need to search, review, and/or produce electronically stored information, the parties agree to attempt to work together in good faith to formulate cost-effective alternatives (including, but not limited to, the use of appropriate search terms); and the parties agree to confer in good faith on an appropriate, cost-effective

form (i.e., electronic or hard-copy) and format for making productions. To the extent either party chooses to produce discovery information in electronic form, said information shall be produced in html, jpg, doc, pdf, txt or other comparable format on CDs, DVDs or external hard drives. Either party may request that data also be produced in its native format if reasonable and appropriate subject to court order. All documents produced by either party whether electronic or otherwise will contain a unique bates stamp for identification.

The parties are to preserve evidence material to the litigable issues in the above case and properly discoverable. This includes both paper and electronically stored information.

*Defendant's Proposal:* No objection lodged by Defendant during December 15 phone conference or thereafter. No alternative language provided.

Dated this 5th day of January, 2010.

/s/Enrico Schaefer_____
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
*Lead Counsel for Plaintiff*

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of January, 2010, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

John P. Jacobs (P15400)
JACOBS AND DIEMER, P.C.
500 Griswold Street, Suite 2825
Detroit, MI 48226-3480
(313) 965-1900
jpj@jpjpc.com
Local Counsel for Defendants

William A. Delgado (admitted pro hac vice)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

/s/Enrico Schaefer_____
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
Lead Counsel for Plaintiff