# EXHIBIT C



January 4, 2010

**VIA ELECTRONIC MAIL (ENRICO@TRAVERSELEGAL.COM)**

Enrico Schaefer, Esq.
Traverse Legal
810 Cottageview Drive, Suite G-20
Traverse City, MI 49684

Re: *Weather Underground v. Navigation Catalyst Systems, Inc.*

Dear Enrico:

I refer to your letter of January 4, 2010. To begin, I have a different recollection of our telephone conference on December 15th. I believe I noted that I would like a greater period for fact discovery and that I would need to speak to my client about what that time period would be.

After considering your proposal, discussing with my client, and reviewing your client's Initial Disclosures, I believe a 12 month time period to be appropriate for various reasons. First, NCS is a small company with a handful of employees. While it is committed to abiding with its discovery obligations, it cannot simply shut the company down to do so. Second, the parties, witnesses, and documents are spread across the country which will require significant travel and coordination of schedules. Third, discovery in trademark matters simply takes time. While I can appreciate that your client's marks are incontestable, that does not eliminate all possible grounds for showing that they are invalid. And, it says little about the "likelihood of confusion" analysis. In my experience, that analysis necessarily requires a good deal of discovery, particularly third party discovery on the issues of "the crowded marketplace" and "actual confusion."

Lastly, Plaintiff's Initial Disclosures list 180 different individuals likely to have knowledge and evidence about this case. Over a dozen of them are your client's own employees which makes it likely that I will have to depose them. And, while I disagree with your need to take third party discovery as to other marks, to the extent that the Court allows it, we will need sufficient time to deal with that.

Quite candidly, I actually believe that the 12 month period is a conservative one. In my last trademark case to go to trial, the parties were engaged in fact discovery for approximately 8 months. But, that case involved two companies located down the

highway from each other, with a limited number of witnesses and documents, all of whom lived here in Southern California (except one). Your initial disclosures list a number of witnesses across the world that is a multiple of *thirty* from the initial disclosures I received in that case.

As to when discovery should commence, I can appreciate your position and the statement from the Court's clerk, but my client is entitled to advocate its position until the Motion for Reconsideration is decided.

In conclusion, my proposed plan has nothing to do with delay. It is simply an attempt to put together a reasonable discovery plan with which the parties can comply.

Very truly yours,

William A. Delgado