IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; BASIC FUSION, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; and FIRSTLOOK, INC.,
   a Delaware corporation,

       Defendants.
_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado (admitted pro hac vice) |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & LIEB LLP |
| TRAVERSE LEGAL, PLC | 707 Wilshire Boulevard, Suite 3850 |
| 810 Cottageview Drive, Unit G-20 | Los Angeles, CA 90017 |
| Traverse City, MI 49686 | (213) 955-9240 |
| 231-932-0411 | williamdelgado@willenken.com |
| enrico.schaefer@traverselegal.com | Lead Counsel for Defendants |
| brianhall@traverselegal.com | |
| Lead Attorneys for Plaintiff | Nicholas J. Stasevich (P41896) |
| | Benjamin K. Seffans (P69712) |
| Anthony P. Patti (P43729) | BUTZEL LONG, PC |
| HOOPER HATHAWAY, PC | 150 West Jefferson, Suite 100 |
| 126 South Main Street | Detroit, MI 48226 |
| Ann Arbor, MI 48104 | (313) 225-7000 |
| 734-662-4426 | stasevich@butzel.com |
| apatti@hooperhathaway.com | steffans@butzel.com |
| Attorneys for Plaintiff | Local Counsel for Defendants |

_____

**MOTION FOR AN ORDER COMPELLING DISCLOSURE AND FOR SANCTIONS FOR DEFENDANT'S FAILURE TO FILE ADEQUATE INITIAL DISCLOSURES AS REQUIRED UNDER F.R.C.P 26(a)**

Dockets.Justia.com

NOW COMES Plaintiff, The Weather Underground, Inc. ("Plaintiff"), by and through its primary counsel, Traverse Legal, PLC, and pursuant to F.R.C.P. 26(a)(1)(A) and (E), states and follows for its Motion for Sanctions as follows:

1. Plaintiff and Defendant Navigation Catalyst Systems, Inc. ("Defendant") participated in the required Rule 26(f) conference on December 15, 2009.

2. On January 5, 2010, Plaintiff submitted its Joint Report under F.R.C.P. 26(f)(2). F.R.C.P. 26(a)(1) provides that the due date for initial disclosures is 14 days after the Parties' Rule 26(f) conference, or December 29, 2009.

3. Plaintiff served its initial disclosures on Defendant Navigation Catalyst Systems, Inc. ("Defendant"), on or before December 29, 2009. (*See Exhibit A.*) Defendant requested that its due date be extended to January 4, 2010, which was informally agreed to by Plaintiff's counsel.

4. Defendant served its initial disclosures on January 4, 2010. (*See Exhibit B.*)

5. Defendant's initial disclosures list one witness, Seth Jacoby, President of Defendant.

6. Defendant's initial disclosures list two documents

7. On January 8, 2010, Plaintiff's undersigned counsel, Enrico Schaefer, in good faith, left a voicemail message with Defendant's counsel, William Delgado, proposing a stipulated order requiring supplemental disclosures within 14 days in order to avoid Court action and certifies to the same pursuant to F.R.C.P. 37(a)(1). Mr. Delgado had not returned this call or agreed to a stipulated order as of the filing of this

motion on Monday, January 11, 2010.  As such, Plaintiff has been forced to seek this Court's intervention with this motion to compel and for sanctions.

8. Plaintiff believes Defendant's initial disclosures are purposely incomplete and purposefully vague.

9. Plaintiff further believes Defendant's actions are occasioned by its intention to delay discovery, including the depositions of witnesses, and ultimately delay this case.

10. F.R.C.P. 37(a)(3)(A) authorizes a party to move to compel disclosures.

11. F.R.C.P. 37(c)(1) provides for sanctions for a failure to adequately disclose under F.R.C.P. 26(a) including prohibiting such party from utilizing evidence and witnesses subsequently disclosed to support motions or at trial.

12. Plaintiff further seeks this Court issue the entry of an appropriate order:

   a. Precluding Defendant from utilizing witnesses and information the Court later finds were not and should have been disclosed as required under Rule 26(a) or, alternatively, to supplement its disclosures within seven (7) days, and

   b. Assess such other sanction or penalty as the Court deems appropriate including attorney fees.

WHEREFORE, Plaintiff requests the Court grant its Motion to Compel Disclosures and for Sanctions, together with an award of costs and attorneys' fees pursuant to F.R.C.P. 37(c)(1)(A) occasioned by the filing of the Motion.

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO FILE INITIAL DISCLOSURES AS REQUIRED UNDER F.R.C.P 26(a)

### Brief Concise Statement of Issues Presented

1, Whether and in what form should Defendant be sanctioned for failure to file complete initial disclosures as provided for under F.R.C.P. 26(a)(1).

### ARGUMENT

F.R.C.P. 26(a)(1)(A) provides that a party, without awaiting a discovery request, must provide the other party initial discovery disclosures, including but not limited to, the names of witnesses, documents and other tangible items a party may use to support its claims or defenses, and other disclosures, as follows.

**(a) Required Disclosures.**

(1) Initial Disclosures.
(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, <u>a party must</u>, without awaiting a discovery request, provide to the other parties:
  (i) the name and, if known, the address and telephone number of each <u>individual likely to have discoverable information</u> — along with the <u>subjects of that information</u> — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

  (ii) a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and <u>may use to support its claims or defenses</u>, unless the use would be solely for impeachment;
   ….
  (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. (Emphasis Added)

F.R.C.P. 26(a)(1)(E) requires that "[a] party must make its initial disclosures based on the information then reasonably available to it." F.R.C.P. 37(a)(3)(A) empowers a party to move to compel disclosures and appropriate sanctions when the other party fails to do so.

Defendant was served with the pending lawsuit on March 9, 2009. After almost 10 months, there must be more than one witness and two documents Defendant 'may use' to support its proposed defenses. Defendant's initial disclosures evidence a failure or a refusal to comply with the Court Rules. Such a failure warrants and order precluding any witnesses or documents later identified which this Court finds violated this rule or, alternatively compelling adequate disclosures. Moreover, such a failure warrants sanctions by this Court.

F.R.C.P. 37(c)(1) provides:

(1) Failure to Disclose or Supplement.

If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Defendant's can offer no justifiable excuse in refusing to provide adequate disclosures. To the extent Defendant deems these initial disclosures to be complete,

this Court should prohibit Defendant from using any witness or document that was not initially disclosed to supply evidence of any defense at any stage in this litigation. In addition, this Court should significantly restrict any attempt by Defendant to circumvent these Rules by supplementing with further disclosures that were reasonably available to it as of January 4, 2010. Finally, we request that this Court award Plaintiff's its costs and attorney's fees occasioned by the filing of this Motion.

Respectfully submitted this 11th day of January, 2010.

/s/Enrico Schaefer
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com

Lead Counsel for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2010, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

William A. Delgado (admitted pro hac)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

Nicholas J. Stasevich (P41896)
Benjamin K. Seffans (P69712)
BUTZEL LONG, PC
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

/s/Enrico Schaefer_____
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
Lead Counsel for Plaintiff