## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WEATHER UNDERGROUND, INC., a Michigan corporation,

               Plaintiff,

v.

NAVIGATION CATAYLST SYSTEMS, INC., a Delaware corporation; BASIC FUSION, INC., a Delaware corporation; CONNEXUS CORP., a Delaware corporation; and FIRSTLOOK, INC., a Delaware corporation,

               Defendants.
                                                  /

CASE NO. 09-10756

HON. MARIANNE O. BATTANI

### ORDER DENYING DEFENDANT NAVIGATION CATALYST SYSTEMS, INC.'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Navigation Catalyst Systems, Inc.'s ("NCS") Motion for Reconsideration (Doc. No. 22). Defendant asks the Court to reconsider the applicability of the effects test articulated in Calder v. Jones, 465 U.S. 783 (1984), to stay this matter pending a decision by the Supreme Court in the case of Hertz Corp. v. Friend, Case No. 08-16963, 2008 WL 4750198 (9th Cir. Oct. 30, 2008) cert. granted 129 S.Ct. 2766 (June 8, 2009), and to reconsider whether this matter should be transferred to the Central District of California.

Pursuant to E.D. Mich. LR 7.1(g)(3), to obtain the requested relief, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan

Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

After a thorough review of Defendant's argument and applicable case law, the Court finds that NCS has failed to carry its burden of proving a palpable defect requiring correction. Defendant challenges the Court's finding that jurisdiction is proper in Michigan under Calder v. Jones, 465 U.S. 783 (1984). Although Plaintiff identified its place of incorporation as Michigan and the location of its principal place of business as Ann Arbor, Michigan, Defendant now contends that Plaintiff's nerve center is in California and therefore its principal place of business is California. Moreover, NCS asks the Court to delay determination of this issue until the Supreme Court decides Hertz Corp. v. Friend, Case No. 08-169632008 WL 4750198 (9th Cir. Oct. 30, 2008) cert. granted 129 S.Ct. 2766 (June 8, 2009) (considering location of principal place of business for purposes of diversity statute). The Court declines to do so.

Plaintiff asserted in its complaint that it was incorporated in Michigan and that Michigan also was its principal place of business. Compl. at ¶ 1. This assertion was not challenged. Admittedly, Plaintiff's contacts with California were raised; however, those contacts were examined relative to the request to transfer this matter from this district to the Central District of California. Defendant had the opportunity to advance the argument and did not do so. A motion for reconsideration is not a vehicle by which Defendants may raise arguments they neglected to advance on summary judgment. Sault St. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 373 (6th Cir. 1998) (observing that motions under Fed.R.Civ.P. 59(e) "are aimed at reconsideration, not initial consideration") (citation

omitted).

In the alternative, Defendant asks the Court to reconsider its decision not to transfer the entire action to the Central District of California. The Court finds NCS has not met its burden to show a palpable defect by which this Court has been misled. Although NCS characterizes this case as "the prototype for a full transfer," (see Memorandum of Points and Authorities at 9), the facts of this case are distinguishable from the authority cited. Given the circumstances of this case, Defendant simply is not entitled to the requested relief.

Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Date: January 11, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

        s/Bernadette M. Thebolt
        Deputy Clerk