IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
    a Michigan corporation,

        Plaintiff,

                                  Case No. 2:09-CV-10756

vs.                                   Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
    a Delaware corporation; BASIC FUSION, INC.,
    a Delaware corporation; CONNEXUS CORP.,
    a Delaware corporation; and FIRSTLOOK, INC.,
    a Delaware corporation,

        Defendants.
_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado (*pro hac vice*) |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & LIEB LLP |
| TRAVERSE LEGAL, PLC | 707 Wilshire Boulevard, Suite 3850 |
| 810 Cottageview Drive, Unit G-20 | Los Angeles, CA  90017 |
| Traverse City, MI  49686 | (213) 955-9240 |
| 231-932-0411 | williamdelgado@willenken.com |
| enrico.schaefer@traverselegal.com | Lead Counsel for Defendants |
| brianhall@traverselegal.com | |
| Lead Attorneys for Plaintiff | Nicholas J. Stasevich (P41896) |
| | Benjamin K. Steffans (P69712) |
| Anthony P. Patti (P43729) | BUTZEL LONG, P.C. |
| HOOPER HATHAWAY, PC | 150 West Jefferson, Suite 100 |
| 126 South Main Street | Detroit, MI  48226 |
| Ann Arbor, MI  48104 | (313) 225-7000 |
| 734-662-4426 | stasevich@butzel.com |
| apatti@hooperhathaway.com | steffans@butzel.com |
| Attorneys for Plaintiff | Local Counsel for Defendants |

_____

## NAVIGATION CATALYST SYSTEMS, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY

Defendant Navigation Catalyst Systems, Inc. ("NCS"), for its answer to the Complaint in this matter, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

2.     Admitted.

3.     NCS denies that Basic Fusion is presently a defendant in this lawsuit. Otherwise, the allegations of Paragraph 3 are admitted.

4.     NCS denies that Connexus Corporation is presently a defendant in this lawsuit.  Otherwise, the allegations of Paragraph 4 are admitted.

5.     NCS denies that Firstlook is presently a defendant in this lawsuit. Otherwise, the allegations of Paragraph 5 are admitted.

6.     NCS admits that this action purports to arise under the Trademark Act of 1946, including the ACPA, and the common laws of the State of Michigan but denies that Plaintiff has any cognizable claim or is entitled to any recovery under the claims contained in the Complaint.

7.     NCS admits that this Court has subject matter jurisdiction over Plaintiff's purported claims but denies that Plaintiff has any cognizable claim or is entitled to any recovery under the claims contained in the Complaint.

8.    NCS admits that this Court has supplemental jurisdiction over Plaintiff's purported common law claims but denies that Plaintiff has any cognizable claim or is entitled to any recovery under the claims contained in the Complaint.

9.    Denied.

10.   Denied.

## II.  PLAINTIFF'S BUSINESS AND USE OF THE INTERNET

11.   NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

12.   NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

13.   NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

14.   NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

15.   NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

16. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

17. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

18. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

19. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

20. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

21. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

22. NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

23.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

24.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

25.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

### III. PLAINTIFF'S TRADEMARKS AND SERVICE MARKS

26.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

27.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

28.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

29.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

30.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

31.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

32.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

33.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

34.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

35.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

36.     Denied.

37.     NCS admits that, for purposes of the Complaint, Plaintiff has collectively referred to its alleged registered trademarks, common law trademarks, trade names, service marks, family of marks, and variants as the "Wunderground Marks."

38.     Denied.

39.     Denied.

40.     Denied.

41.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

## IV. DEFENDANTS' BUSINESSES

### a.      Domain Name Scheme Used by Defendants

NCS denies that it is engaged in a "domain name scheme" as implied by the title of this section.

42.     NCS admits that "direct navigation" describes the method of typing a domain name or URL directly into the browser address bar in order to arrive at a specific website. NCS is without sufficient knowledge or belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

43.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

44.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

45.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

46.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

47.     NCS admits that a registrant monetizing a domain name is paid based on how many times a link for a Sponsored Ad is clicked and, as such, receives a share of PPC revenue.   Except as expressly admitted, the allegations in this paragraph are denied.

> **b.     The Means by Which Defendants Accomplished Their Calculated Scheme.**
>
> NCS denies that this section accurately sets forth its business model or that it was engaged in a "calculated scheme" as implied by the title of this section.

48.     Denied.

49.     NCS admits that it has used automated domain registration software to register domain names in bulk.   Except as expressly admitted, the allegations in this paragraph are denied.

50.     NCS admits that it was the registrant of some of the domain names which are the subject of the lawsuit.   NCS admits that it registered some of the domain names

which are the subject of the lawsuit during the ICANN Add Grace Period.  Except as expressly admitted, the allegations in this paragraph are denied.

51.    Paragraph 51 apparently attempts to set forth allegations against Connexus, which has  been dismissed from this case.  As such, no response is required from NCS.  To the extent an allegation pertains to NCS, it is denied.

52.    NCS admits that Firstlook is a wholly-owned subsidiary of Connexus. NCS admits that Firstlook is the parent company of NCS and Basic Fusion.  NCS admits that Firstlook is primarily a domain name monetization company utilizing processes, technology, and software for that purpose.  NCS admits that Firstlook monetized the domain names that are the subject of this lawsuit.  Except as expressly admitted, the allegations in this paragraph are denied.

53.    NCS admits that Basic Fusion is an ICANN accredited registrar of Internet domain names and acted as the registrar of the domain names which are the subject of this lawsuit.  NCS denies that the domain names are "Infringing."

54.    Denied.

55.    NCS admits that its systems and software are legitimate.  NCS admits that it exercises due diligence in turning over domain names upon request by trademark holders.  NCS admits that it takes measures to blacklist certain trademarks from registration in its portfolio.  Except as expressly admitted, the allegations of this paragraph are denied.

56.    Denied.

57.    Denied.

58. Denied.

59. Denied.

## V. DEFENDANTS' UNLAWFUL ACTIONS

NCS denies that any of its actions were unlawful.

### a. Past Registration and Use of Infringing Domain Names

NCS denies that the domain names were infringing.

60. NCS admits that it registered some of the domain names which appear in Paragraph 77 of the complaint. Except as expressly admitted, the allegations of this paragraph are denied.

61. NCS admits that Plaintiff never authorized NCS to register, traffic in or use the domain names in Paragraph 77 or otherwise register or use its marks in any way but denies the implicit assumption that such authority was required or that the lack of such authority was unlawful or improper.

62. Denied.

63. Denied.

64. Denied.

65. NCS admits that the domain names at issue in this lawsuit were monetized such that a web site containing pay-per-click ads appeared at the domain names. Except as expressly admitted, the allegations of this paragraph are denied.

66. Denied.

67.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

68.     NCS is without sufficient knowledge or belief as to the truth of the allegations contained in this paragraph and, on that basis, denies each and every allegation contained in this paragraph.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     Admitted.

**b.      Current Registration and Use of Infringing Domain Name.**

NCS denies that the domain name is infringing.

80.     Admitted.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

**c.      Continued   Mass   Cybersquatting   Evidences   Defendants'**
**Unlawful Business Model**

NCS denies the allegations set forth in the title of this section.

87.     Denied.

88.     Denied.

89.     NCS admits that it has been sued in the lawsuits listed in this paragraph
and that the pleadings in those matters speak for themselves.   Except as expressly
admitted, the allegations in this paragraph are denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100. Denied.

## COUNT I

## Cybersquatting under the Anti-Cyberquatting

## Consumer Protection Act – 15 U.S.C. § 1125(d)

101. NCS restates and incorporates its responses to paragraphs 1-100 above as though fully restated herein.

102. NCS admits that it registered some of the domain names in Paragraph 77 and the domain name <wunderphotos.com>. Except as expressly admitted, the allegations of this paragraph are denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. NCS admits that the domain names at issue in this lawsuit do not consist of the legal name of NCS or a name that is commonly used to identify NCS.

114. Denied.

115.   Denied.

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

## COUNT II

## Trademark Infringement Under the Lanham Act – 15 U.S.C. § 1114(1)

124.   NCS restates and incorporates its responses to paragraphs 1-123 above as though fully restated herein.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

## COUNT III

## False Designation of Origin Under the Lanham Act – 15 U.S.C. § 1125(a)

134.   NCS restates and incorporates paragraphs 1-133 above as though fully restated herein.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

## COUNT IV

## Dilution Under 15 U.S.C. § 1125(c)

143.   NCS restates and incorporates paragraphs 1-142 above as though fully restated herein.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

## COUNT V

## Unfair Competition and Trademark Infringement Under State Common Law

152.   NCS restates and incorporates paragraphs 1-151 above as though fully restated herein.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

## COUNT VI

## Civil Conspiracy

162.   NCS restates and incorporates paragraphs 1-161 above as though fully restated herein.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

## COUNT VII

## Contributory Trademark Infringement

172.   NCS restates and incorporates its responses to paragraphs 1-171 above as though fully restated herein.

173.   Paragraphs 173 through 187 apparently attempt to set forth a cause of action for contributory trademark infringement action against Connexus, Firstlook, and Basic Fusion, all of whom have been dismissed from this case.  As such, no response is required from NCS.  To the extent an allegation pertains to NCS, it is denied.

## COUNT VIII

## Vicarious Trademark Infringement

188.   NCS restates and incorporates its responses to paragraphs 1-187 above as though fully set forth herein.

189.   Paragraphs 189 through 196 apparently attempt to set forth a cause of action for vicarious trademark infringement against Connexus, Firstlook, and Basic Fusion, all of whom have been dismissed from this case.  As such, no response is required from NCS.  To the extent an allegation pertains to NCS, it is denied.

## COUNT IX

### Declaratory Judgment

197.   NCS restate and incorporates paragraphs 1-196 above as though fully restated herein.

198.   Denied.

199.   Denied.

200.   Denied.

For its Affirmative Defenses, NCS alleges as follows:

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The complaint has been rendered moot and not justiciable as a result of the UDRP proceeding which preceded the filing of this lawsuit.

### Third Affirmative Defense

The court lacks personal jurisdiction over NCS.

### Fourth Affirmative Defense

This court is not the proper venue for the claims raised in the complaint.

### Fifth Affirmative Defense

Plaintiff's claims or recovery thereon are barred, in whole or in part, because NCS believed and had reasonable grounds to believe that any use of Plaintiff's marks was a fair use, nominative use, comparative use, or otherwise lawful.

### Sixth Affirmative Defense

Plaintiff's claims or recovery thereon are barred, in whole or in part, because NCS's actions constitute fair competition.

### Seventh Affirmative Defense

Plaintiff is barred from obtaining any relief from NCS in this action because Plaintiff has suffered no injury or damage as a result of any act or conduct by NCS and none of NCS's revenues or profits are attributable to any allegedly infringing conduct.

### Eighth Affirmative Defense

Plaintiff's claims, including its request for statutory damages, are barred, in whole or in part, because all of NCS's actions were in good faith without malice and/or did not result in any false or misleading statements, infringement, or confusion.

### Ninth Affirmative Defense

Plaintiff's claim for injunctive relief is barred as a matter of law because Plaintiff has not suffered any irreparable harm as a result of the acts alleged in the complaint.

### Tenth Affirmative Defense

Plaintiff's claim for damages is barred, in whole or in part, because the purported damages are too speculative or uncertain.

### Eleventh Affirmative Defense

The injuries and damages alleged by Plaintiff, if any, were proximately caused by persons or entities other than NCS, whether named or not named in this action, over whom NCS had no authority or control.

## Twelfth Affirmative Defense

Plaintiff has failed to mitigate its damages.

## Thirteenth Affirmative Defense

Plaintiff does not have exclusive rights to the words WUND, WUNDER, or any words containing these letters in this order.

## Additional Affirmative Defenses

NCS has not yet completed its investigation and discovery regarding the facts and claims asserted by Plaintiff.  Accordingly, NCS reserves the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, NCS prays for judgment as follows:

1.    That Plaintiff take nothing by way of its complaint.

2.    That the complaint and each and every purported claim for relief therein be dismissed with prejudice.

3.    That NCS be awarded its costs of suit incurred herein, including its attorneys' fees and expenses.

//

//

4.     For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

NCS hereby demands a trial by jury on all matters so triable.

Dated this 22nd day of January, 2010.

> _/s/William A. Delgado_
> William A. Delgado (admitted _pro hac vice_)
> WILLENKEN WILSON LOH & LIEB, LLP
> 707 Wilshire Boulevard, Suite 3850
> Los Angeles, CA  90017
> (213) 955-9240
> williamdelgado@willenken.com
> _Lead Counsel for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2010, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI  48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

William A. Delgado (admitted *pro hac vice*)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

*/s/ William A. Delgado*
William A. Delgado (admitted *pro hac vice*)
WILLENKEN WILSON LOH & LIEB, LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
*Lead Counsel for Defendants*