IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

                                      Case No. 2:09-CV-10756
vs.                                  Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; BASIC FUSION, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; and FIRSTLOOK, INC.,
   a Delaware corporation,

       Defendants.
_____

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff


Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

William A. Delgado (*pro hac vice*)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants
_____

**NAVIGATION CATALYST SYSTEMS, INC.'S OPPOSITION TO MOTION
COMPELLING FURTHER INITIAL DISCLOSURES AND FOR SANCTIONS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

The Federal Rules require that a party initially disclose: (i) the names and locations of witnesses that the party may use to support its claims and defenses and (ii) categories of documents that the party may use to support its claims and defenses. That is precisely the type of disclosure that Navigation Catalyst Systems, Inc. ("NCS") has provided. No violation of either the letter or the spirit of the Federal Rules has been committed, no motion was necessary, and, certainly, no sanctions against NCS should be awarded.

### Statement of Facts

Plaintiff has filed this trademark infringement lawsuit alleging that Defendant NCS (and other related companies) purposefully registered and monetized domain names that were similar to Plaintiff's trademarks with a bad-faith intent to profit from those domain names, in violation of the Lanham Act and, particularly, the Anti-Cybersquatting Protection Act ("ACPA") (15 U.S.C. § 1125(d)). To understand NCS's defense to this allegation, it is important that one first understand what NCS is and, more importantly, what it is not.

As NCS explained in its Motion to Dismiss, NCS is a company that registered Internet domain names in bulk through a computer program that sought out generic and descriptive phrases for registration such as www.partysupplies.org. It then submits those domain names to a domain name monetization platform offered by its parent company, Firstlook, and receives a share of the revenue that is generated through the monetization of the domain name. That is the extent of its business. NCS does not do any marketing and, thus, has no advertisements to produce. NCS does not sell a product and, thus, has no samples or inventory lists to produce.

NCS has no clients and has no accounts receivable reports to produce. NCS has no vendors and, therefore, no accounts payable reports to produce. For those same reasons, it does not have correspondence with either clients or vendors.

## Argument

Fed. R. Civ. P. 26(a)(1)(A) requires that a party initially disclose: (i) the names and locations of witnesses that the party may use to support its claims and defenses and (ii) categories of documents that the party may use to support its claims and defenses. NCS has done precisely that by identifying Seth Jacoby, the President of Firstlook, NCS's parent company. At trial, Mr. Jacoby will explain how the NCS automated registration system worked; to wit, that NCS used a computer program that attempted to register generic or descriptive phrases domain names and that it did ***not*** target trademarks. NCS will also introduce documents related to the automated registration system and documents evidencing the paucity of revenues it received from the domain names at issue, which is why both of those categories of documents were disclosed.[1] Copies of the documents were not produced because both of these categories of documents comprise trade secrets, and there is no protective order in this case though the parties have already agreed to the need for one.[2] Currently, NCS has no other percipient witness, and the company has no other documents to produce to support its defenses.

It is worth bearing in mind that NCS is a defendant whose key defense is that it did not have a "bad-faith intent to profit" as required by the ACPA. Neither a flood of witnesses or

---

[1] Plaintiff's motion either negligently or purposefully misleads the Court into believing that NCS disclosed two documents as opposed to two categories of documents. Suffice it to say, NCS identified *categories* of documents just as Plaintiff identified categories of documents.

[2] Presumably, for the same reason, Plaintiff did not produce any documents either but simply identified categories of documents in its Initial Disclosures.

documents is necessary to establish that defense (especially in a case involving an automated registration system where such witnesses and documents do not even exist). Moreover, comparing the parties' Initial Disclosures is an irrelevant exercise. Plaintiff, by virtue of being the plaintiff, has the burdens of proof and persuasion on its numerous claims. As a result, it necessarily must produce witnesses and documents to affirmatively establish its case. NCS has no such burdens. It can simply point to a gap in the Plaintiff's case-in-chief and argue that it has not met the *prima facie* elements of the claims asserted. NCS would not need a witness or document for that.

In light of the foregoing, sanctions—either monetary or evidentiary—would be wholly inappropriate. NCS has identified the witnesses and categories of documents it may use to supports its defenses; no other identification is needed. *McCormick v. Brzezinski*, 2008 WL 4371842 *1 (E.D. Mich. 2008) ("The 2000 advisory committee's note also emphasizes that '[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use. The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1).'") *citing* Fed. R. Civ. P. 26(a) advisory committee's note. Once a protective order is entered, the parties can produce their documents. And, of course, NCS will produce Mr. Jacoby for deposition prior to trial. To the extent something unanticipated happens (e.g., a third party percipient witness with useful testimony is later discovered), NCS will supplement its initial disclosures accordingly, as required by Fed. R. Civ. P. 26(e). However, NCS is unaware of a single case that stands for the proposition that sanctions are warranted simply because NCS's anticipated presentation of

evidence at trial does not comport with plaintiff's trial strategy.  Plaintiff certainly does not cite any such case.

### Conclusion

NCS timely produced its Initial Disclosures. In those Initial Disclosures, it identified its witness and the categories of documents it intends to use to support its defenses.  In short, NCS is in complete compliance with Fed. R. Civ. P. 26.  If anyone should be sanctioned, it should be Plaintiff, for bringing a wholly meritless motion and forcing NCS to spend attorney time to respond to same.

Dated this 25th day of January, 2010.

*/s/ William A. Delgado*
William A. Delgado (admitted *pro hac vice*)
WILLENKEN WILSON LOH & LIEB, LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
*Lead Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2010, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI  48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

William A. Delgado (admitted *pro hac vice*)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

*/s/ William A. Delgado*
William A. Delgado (admitted *pro hac vice*)
WILLENKEN WILSON LOH & LIEB, LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
*Lead Counsel for Defendants*