
Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

**H**Only the Westlaw citation is currently available.

United States District Court,
S.D. California.
In re: ASHWORTH, INC. SECURITIES LITIGA-
TION
**No. 99-CV-121.**

May 10, 2002.

William S. Lerach, Lerach CoughlinStoia Geller
Rudman and Robbins, San Diego, CA, for Brian
Johnson.

Arthur Charles Leahy, Lerach CoughlinStoia Geller
Rudman and Robbins, San Francisco, CA, Kurt B.
Olsen, Klafter and Olsen, Washington, DC, Todd S.
Collins, Berger and Montague, Philadelphia, PA, for
Brian Johnson, John Gervais, Debra Kopp, Tony Le,
Thomas Kidder, James R. Sandoval, Shirley Sandov-
al, New Hampshire Retirement System.

Jeffrey R. Krinsk, Finkelstein and Krinsk, San Diego,
CA, for Thomas Kidder, James R. Sandoval, Shirley
Sandoval.

Robert Scott Dreher, Dreher Law Firm, San Diego,
CA, for New Hampshire Retirement System.

Elizabeth Ann Warke Brem, Gibson Dunn and
Crutcher, Irvine, CA, for Ashworth Inc., Andre P.
Gambucci, John Newman, John David Hanson.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR PROTEC-
TIVE ORDER AND TO QUASH THIRD PARTY
SUBPOENAS

HOUSTON, Magistrate J.

[DOC. # 94]

*INTRODUCTION*

**\*1** This matter is now before the Court on defendants'
motion for protective order and to quash third party
subpoenas. Plaintiffs have filed an opposition to the
motion and defendants have filed a reply brief. This
Court, after reviewing the pleadings and relevant
exhibits submitted by both parties, and for the reasons
set forth below, GRANTS IN PART AND DENIES
IN PART defendants' motion.

*BACKGROUND*

Plaintiffs' second amended complaint alleges certain
fraudulent acts perpetrated by defendants. *See* Brem
Decl., Exh. A at 34 (Order Granting in Part and De-
nying in Part Motion to Dismiss and Order Granting
Motion to Strike, Docket # 83). On July 19, 2001,
plaintiffs filed an *ex parte* application to serve twen-
ty-eight third party subpoenas seeking preservation of
documents deemed relevant to the instant litigation
pending a decision by the District Court on defen-
dants' motion to dismiss. *See* Docket # 71. The District
Court, in its December 3, 2001 order granting in part
and denying in part defendants' motion to dismiss,
dismissed two individual defendants and struck some
of the allegations presented in the second amended
complaint as insufficiently pled. *See* Docket # 83. This
Court subsequently, on December 6, 2001, denied
plaintiffs' *ex parte* application regarding third party
subpoenas as moot. *See* Docket # 90.

On February 7, 8, 11 and 13, 2002, plaintiffs served
nineteen subpoenas on various third parties. *See* Brem
Decl., Exhs. B, C, D, E. Defendants objected to the
subpoenas.

*DISCUSSION*

Defendants now move this Court for a protective order
and to quash the third party subpoenas on the grounds
that the subpoenas are overbroad. Plaintiffs oppose the
motion on the grounds that: (1) defendants lack
standing to object to subpoenas served on third parties;
and (2) defendants fail to meet their burden as to re-
levance.

1. Standing

Plaintiffs initially oppose defendants' motion on the
grounds that defendants lack standing. Defendants

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

assert that they have standing under both Rule 26 and Rule 45 of the Federal Rules of Civil Procedure. Reply at 1-2.

A. Rule 26

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

Upon motion by *a party* or by the person from whom discovery is sought ... the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...

Fed.R.Civ.P. 26(c)(emphasis added).

Defendants contend that, under Rule 26, they clearly have standing to seek a protective order against plaintiffs' attempts to obtain overbroad and irrelevant discovery from third parties based on their status as parties. *See* Reply at 2 (citing *Alliance General Ins. Co. v. Louisiana Sheriff's Auto., Risk Program,* 1999 WL 221120 (E.D.La. April 9, 1999). Defendants point out that "[c]ourts within the Ninth Circuit, including the Southern District of California, also recognize this sound principle of law." Reply at 2 (citing *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.,* 38 F.Supp.2d 1202, 1206 n. 3 (D.Or.1999), *rev'd on other grounds,* 218 F.3d 1085 (2000)(noting that parties have standing to challenge third party subpoenas under Rule 26(c)); *Springbook Lenders v. Northwestern Nat'l Ins. Co.,* 121 F.R.D. 679, 680 (N.D.Cal.1988)(same); *Integra Lifesciences I, Ltd. v. Merck KgAa,* 190 F.R.D. 556, 562 n. 3 (S.D.Cal.1999)(noting party has standing to seek protective order against third party discovery in violation of court order). Defendants also point out that plaintiffs' standing challenge is based upon Rule 45, and "noticeably" fails to mention Rule 26. Reply at 3. This Court's review of the pleadings reveals that plaintiffs do not clearly dispute defendants' standing under Rule 26, apparently opposing this motion on Rule 45 grounds only. *See* Opp. at 5-6. This Court finds defendants' authorities persuasive and, therefore, finds defendants have standing to seek a protective order under Rule 26.

B. Rule 45

**\*2** Plaintiffs do, however, contend in their opposition that defendants lack standing to seek an order quashing the subpoenas " 'because [defendants were]  not the recipient of the subpoenas." ' Opp. at 5 (quoting *Diamond State Insurance Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 695 (D.Nev.1994)). According to plaintiffs, defendants may only challenge the subpoenas if a privilege is asserted. *Id.* This Court construes plaintiffs' argument as asserting a challenge to standing under Rule 45.

Rule 45 does not clearly indicate who may move to protect a third party from undue burden or oppression. Rule 45 provides only that: "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it ... subjects a person to undue burden." Fed.R.Civ.P. 45. Defendants contend that Rule 45 allows a party who " 'allege[s] some personal right to the requested documentation" ' to " 'challenge the subpoenas." ' Reply at 4 (quoting *New Park Entertainment LLC v. Electric Factory Concerts, Inc.,* 2000 WL 62315 *5 (E.D.Pa. Jan.13, 2000))(emphasis omitted). Defendants explain that the documents sought by plaintiffs in their subpoenas "pertain to any and every aspect of Ashworth's entire business and, as such, contain confidential research, development and commercial information that is critical to Ashworth maintaining a competitive business." Reply at 4. Thus, defendants are asserting, at the least, a proprietary interest in some of the information requested in the third party subpoenas.

This Court finds defendants have an interest in the information requested in the subpoenas. Accordingly, this Court finds defendants have standing to move to quash the third party subpoenas under Rule 45 on overbreadth grounds.

2. Relevance

A. Legal Standard

On its own initiative or on the motion of a party, the court may limit "the frequency or extent of use of the discovery methods otherwise permitted" if it is determined that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

burden or expense of the proposed discovery outweighs its likely benefit ..." Fed.R.Civ.P. 26(b)(2)(i)-(iii). "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed.R.Civ.P. 26(b)(1). For good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c).

Prior to the recent amendments to the Federal Rules, parties were entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1) (West 1999). Based on the amendments made to the Federal Rules, effective December 1, 2000, parties may now "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1)(West 2002) (emphasis added). The change to Rule 26 is significant. "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings." Fed.R.Civ.P. 26(b)(1), Advisory Committee Notes to 2000 Amendments (West 2002). "For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1)(West 2002). In other words, the focus of discovery has shifted to a more narrow "claim or defense" standard unless good cause is shown to broaden the scope of discovery to the former "subject matter" standard.

B. Analysis [FN1]

> FN1. Plaintiffs initially oppose the motion on the grounds that defendants fail to meet their "burden of establishing that plaintiffs' subpoenas are over broad or will cause an undue burden." Id. at 6-7. Defendants disagree with plaintiffs' interpretation of the rules regarding undue burden. See Reply at 6. Defendants assert that the rules do not "focus solely on the burden of production" but "depend[ ] upon 'such factors as relevance, the need of the party for the documents, the breadth of

the document request, the time period covered by it, [and] the particularity with which the documents are described....' " Id. at 5 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996). Notwithstanding this disagreement, defendants contend that their burden has been met because the motion "sets forth in detail how and why the subpoenas are both overbroad and not limited to material relating to the claims or defenses in the litigation." Id. This Court concurs with defendants and declines, therefore, to further address the disagreement.

**\*3** Defendants' motion is based predominantly on the fact that the District Court's December 3, 2001 order severely limited the claims in plaintiffs' second amended complaint. Plaintiffs explain that, after the District Court's order, the following claims remain in this case:

> defendants fraudulently portrayed Ashworth as staging a major turnaround ... by improperly: [r]ecognizing revenue on goods shipped to customers on consignment-which customers had a right to return; [r]ecognizing revenue in the first and second quarters of fiscal 1998 by shipping goods before customers ordered them or wanted them; [r]ecognizing revenue on phony sales of goods shipped to a freight carrier called Riteway which were later returned from Riteway; [r]ecognizing revenue in each quarter by 'reopening' that quarter to record, as sales, goods shipped in the days following each quarter's end; and [r]ecognizing revenue on sales despite unrecorded discounts, liberal rights of return, and extended payment terms.

Opp. at 1-2 (citations omitted). Defendants do not appear to dispute this summarization. See Mot. at 3-4 (outlining remaining claims in the second amended complaint); Reply at 6-7.

Defendants contend that plaintiffs' third party discovery served upon defendants' customers, a newspaper, several analysts and two investment companies fail to meet the narrower standard. Defendants further contend the subpoenas are overbroad as they relate to the time period alleged in the instant litigation.

1. Customer Subpoenas

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

Thirteen of the nineteen subpoenas at issue were served upon customers of defendants and each contained five identical requests for documents. Defendants assert that the subpoenas seek all documents within the customers' possession that relate to defendants and are, therefore, not tailored to the claims and defenses in this litigation, as Rule 26(b)(1) now requires. Mot. at 11-12.

a. Request Nos. 1 through 4

Defendants specifically argue that Request Nos. 1 and 2 are not tailored to the claims or defenses in this action because they are not limited to "specific types of sales," or specific "terms of the customers' purchases, and customer returns." Mot. at 11-12. Request No. 1 seeks "[a]ll documents concerning purchase of Ashworth's products, including, without limitation, any and all purchase records, contracts, letter agreements, side agreements, purchase orders, invoices, bills of lading, shipping documentation, return merchandise authorizations, credit memos and any communication between you and Ashworth, including any person representing Ashworth, related to all purchases (product, service or otherwise)." Brem Decl., Exh. B at 56. Request No. 2 seeks "[a]ll documents concerning storage of Ashworth's products in warehouses, including without limitation, storage of product at freight forwarders, shippers warehouses and/or other warehouses, storage of product in trailers, and agreements with freight forwarders, shippers and warehouse facilities." *Id.*

*4 Defendants further argue that Request Nos. 3 and 4 "bear no limitations whatsoever" and, as such, are "defective and should not be enforced," even if plaintiffs limit these requests to the subject matter of Requests 1 and 2 as they had previously suggested. Mot. at 12. Request No. 3 seeks "[a]ny documents concerning communications and meetings between you and Ashworth or the Individual Defendants." Brem. Decl., Exh B. at 56. Request No. 4 seeks "[a]ll electronic mail ('e-mail') concerning Ashworth." *Id.*

Plaintiffs contend that the requests are relevant to the fraud claims that withstood defendants' motion to dismiss. Opp. at 10. Specifically, plaintiffs argue that the documents sought are relevant to the claims regarding defendants' portrayal of Ashworth "as a 'turnaround' story." *Id.* Plaintiffs contend they need information relating to "patterns and trends of defendants' sales, shipment, and inventory practices ... [as well as] storage of ... goods" in order to discover the "context" of that "turnaround" story. *Id.* (emphasis omitted). The subpoenas at issue are, according to plaintiffs, tailored to that claim. Plaintiffs further contend that the information is tailored to defendants' affirmative defenses regarding misstatements and misrepresentations relating to revenues, earnings, and growth prospects which "necessarily includes all purchases and sales and not just 'specific types' of transactions." Opp. at 11.

Defendants take issue with plaintiffs' use of " 'context' to justify its sweeping discovery requests," insisting that such use is a "slippery slope" because "[c]ontext ... has no implicit bounds." Reply at 7. Defendants point out that "Ashworth's entire business provides context for any particular transaction." *Id.* Defendants also assert that the defenses [FN2] on which plaintiffs base their argument are based on "[p]laintiffs' inability to prove various elements of their claims." *Id.* at 8 (emphasis omitted). Thus, defendants assert, "they are limited to those allegations ratified by [the District] Court's Order." *Id.* This Court construes defendants as arguing that their defenses are limited to those claims that survived the motion to dismiss.[FN3]

> **FN2.** Defendants assert that their defenses are not "affirmative" but present no authority in support. *See* Reply at 8. This Court's independent research has found no authority that delineates defenses presented in an answer as affirmative or not affirmative. On the contrary, it appears that all defenses, other than direct denials of the claims, are considered affirmative. *See* Fed.R.Civ. P. 8(b)-(c). In any event, defendants do not clearly explain what difference it makes in this Court's determination. Therefore, this Court declines to address the issue.

> **FN3.** For example, defendants' affirmative defense regarding plaintiffs' failure to exercise reasonable care to discover the facts relating to alleged misstatements or omissions now only relates to misstatements or omissions concerning revenue on goods shipped to customers on consignment, goods shipped before customers ordered them, goods

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

shipped through Riteway, and goods shipped in the days following each quarter's end.

This Court finds that the newly worded rule has narrowed the scope of discovery and that Request Nos. 1 through 4 seek, even if modified as suggested, an extensive amount of information from defendants' customers without clear limitation based on the actual claims or defenses surviving after the District Court's order. Thus, in this Court's view, the requests are broader than contemplated by the new rule. Plaintiffs' efforts to equate the theory of the case (*i.e.*, turnaround story) as its "claim" for discovery purposes or plaintiffs' efforts to use defendants' defenses as a tool to broaden discovery beyond the claims that withstood the motion to dismiss are not acceptable to this Court. Therefore, this Court finds that Request Nos. 1 through 4 fail to meet the "claim or defense" standard of Rule 26. This Court further finds that plaintiffs have made no showing of good cause to expand discovery to the broader "subject matter" standard. *See* Fed.R.Civ.P. 26(b)(1).

c. Request No. 5

**\*5** Request No. 5 seeks "[a]ll documents concerning communications between any defendant and you (or your attorney) referring or relating to this subpoena or to this litigation." Brem Decl., Exh. B at 57. Defendants contend the request is improperly overbroad because it uses the terms "any defendant" and "this litigation" without specifically detailing the newly narrowed defendants and allegations. *Id.*

Plaintiffs claim that Request No. 5 clearly seeks relevant information despite defendants' assertion that the dismissal of two individual defendants made plaintiffs' use of the term "defendants" improper. *Id.* Plaintiffs point out that the information sought from third party customers is relevant to show "defendants' attempts to cover up the alleged fraud" and to identify "third part[y] credibility [issues] and/or any Ashworth employee or agents who are contacting these third parties regarding this lawsuit." *Id.* at 12. In addition, plaintiff notes that the two defendants, although dismissed as parties, were employees or agents of the defendant corporation and, as such, could have had relevant communications with the third party customers. *Id.*

This Court's review of the request reveals that it is not

sufficiently narrowed to the claims or defenses in this litigation. The request does not indicate the claims or defenses that remain in this litigation, nor does the request limit the scope of the "communications" sought to any subject at all. This Court, therefore, finds Request No. 5 also fails to meet the narrower "claim or defense" standard of Rule 26 and plaintiffs have, again, made no showing of good cause to expand discovery.

Accordingly, defendants' motion for protective order and to quash the third party customer subpoenas as overbroad is GRANTED.

2. Press, Analysts and Investment Companies

The third party subpoenas issued to one financial newspaper and five financial analysts and investment companies each contain seventeen (17) identical requests [FN4] for documents. *See* Brem Decl., Exhs. B-E. Defendants also move for a protective order or to quash these subpoenas as overbroad.

> FN4. Request No. 1 seeks: "[a]ll documents concerning Ashworth, including, without limitation, any: (a) analysts' reports; (b) analysts' recommendations; (c) analysts' opinions; (d) research files; (e) research reports; (f) daily comments; (g) valuations; (h) press releases; (i) financial statements or reports; (j) documents filed with the SEC; (k) newspaper articles; and (l) notes or minutes of any meetings or communications." Brem Decl., Exh. C at 127.

> Request No. 2 seeks: "[a]ll documents concerning any meetings or conferences of financial of securities analysts, roadshows, meetings of members of the investment community or meetings with investors or potential investors concerning Ashworth." *Id.*

> Request No. 3 seeks: "[a]ll documents concerning the operations, expenses, profitability or projected profitability of Ashworth." *Id.*

> Request No. 4 seeks: "[a]ll documents concerning current or projected sales fig-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

ures for Ashworth's products during the relevant time period, including, without limitation, any and all reports, drafts of reports, and communication with Ashworth or the individual Defendants." *Id.* at 127-28.

Request No. 5 seeks: "[a]ll documents concerning shipment of Ashworth's products to warehouses, including without limitation, storage or products at freight forwarders, shippers warehouses and/or other warehouses, storage of product in trailers, and agreements with freight forwarders, shippers and warehouse facilities." *Id.* at 128.

Request No. 6 seeks: "[a]ll documents concerning annual, quarterly, monthly or other periodic financial statements of Ashworth, including without limitation, all summaries thereof." *Id.*

Request No. 7 seeks: "[a]ll documents provided by you to, or received by you from, any of the following persons or entities concerning Ashworth or Ashworth Securities: (a) any independent accountant or auditor; (b) any attorney or law firm; (c) any investment bank or banker; (d) any stock market analyst; (e) any research analyst; (f) any management consultant; (g) any marketing consultant; (h) any securities or regulatory agency; (i) any of Ashworth's customers or distributors; (j) any of Ashworth's sales representatives; (k) Ashworth; and (l) the Individual Defendants." *Id.*

Request No. 8 seeks: "[a]ll documents concerning communications and meeting between you and Ashworth or the Individual Defendants." *Id.* at 129.

Request No. 9 seeks: "[a]ll documents concerning communications between any defendant and you (or your attorney) referring or relating to this subpoena or to this litigation." *Id.*

Request No. 10 seeks: "[a]ll documents

concerning communications with any of the members of Ashworth's Board of Directors, all committees thereof and Ashworth's public relations or investor relations departments." *Id.*

Request No. 11 seeks: "[a]ll documents concerning any meetings or conferences you attended regarding the golf apparel industry." *Id.*

Request No. 12 seeks: "[a]ll documents concerning Ashworth's financial statements." *Id.*

Request No. 13 seeks: "[a]ll documents concerning Ashworth's revenue recognition policies." *Id.*

Request No. 14 seeks: "[a]ll documents concerning the sale of Ashworth's common stock, or the exercise of options on Ashworth securities, by any defendant." *Id.*

Request No. 15 seeks: "[a]ll phone bills or logs memorializing telephonic contacts between you and Ashworth or any of the Individual Defendants." *Id.*

Request No 16 seeks: "[a]ll electronic mail ("e-mail") concerning Ashworth." *Id.*

Request No. 17 seeks: "[a]ll documents concerning your document retention and/or destruction policies, including, but not limited to, any such policies concerning electronic documents and e-mail." *Id.* at 130.

a. Analysts and Investment Company Subpoenas

Defendants contend that all of the requests are overbroad, pointing out that plaintiffs' examples of documents sought, "such as 'research files,' 'valuations,' and 'newspapers articles' ' do little to limit the requests. Mot. at 13. Defendants further point out that plaintiffs' limitation on the categories of people from which the third parties must locate information is insufficient, in that "Ashworth sells its products through six different distribution channels, including

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

golf shops in nearly 50 states, retail stores, distributors to corporate users and to numerous international markets." *Id.* Therefore, according to defendants, "because the [second amended complaint] names merely 14 of Ashworth's customers, the request seeks an endless amount of irrelevant information." *Id.* In addition, defendants contend that plaintiffs' requests seeking information regarding communications or meetings are not limited to those concerning the allegations in the second amended complaint. *Id.* at 14. Thus, defendants argue these requests "seek documents pertaining to any meeting or communication in which the name Ashworth was uttered or any of the [d]efendants were present." *Id.* Defendants also take issue with the remaining requests, arguing that "none of [p]laintiffs' requests are directed" at the claims surviving the motion to dismiss. *Id.*

**\*6** Plaintiffs contend that these subpoenas are relevant to disprove defendants' affirmative defenses. Opp. at 12. Plaintiffs explain that because defendants have put forth a defense that "the 'market or other factors' caused the collapse of Ashworth's stock price (as opposed to defendants' fraud) ... defendants cannot prevent plaintiffs from obtaining evidence relevant to those defenses." *Id.* In addition, plaintiffs point out that the second amended complaint contains allegations that "defendants lied to analysts who then repeated defendants' lies." *Id.* Thus, plaintiffs claim they need the information to prove those allegations. *Id.*

Defendants contend, in reply, that the defenses alluded to by plaintiffs are "limited to those particular allegations ratified" by the District Court because they are based on "[p]laintiffs' inability to prove various elements of their claims." Reply at 8 (emphasis omitted). Defendants assert that because the District Court "sustained [p]laintiffs' allegations that Ashworth's representations were false or misleading only on those particular grounds [p]laintiffs were able to plead with specificity," plaintiffs should not be entitled to seek discovery of every document that might show a false or misleading representation by defendants. *Id.*

This Court agrees with defendants. This Court's review of the subpoenas issued to the financial analysts and investment companies reveals that the requests are overwhelmingly broad in category and content. As they are phrased, the requests appear, in this Court's view, to seek all documents in the third party financial analysts' possession that refer to or mention Ashworth

in any shape or form. The majority of the requests contained in these subpoenas are not limited to sales or storage as were the customer subpoenas and plaintiffs have not indicated an inclination to revise the subpoenas in order to narrow the requests.[FN5]

> **FN5.** Defendants note that plaintiffs have offered to " 'limit request nos. 8 and 16 to documents and e-mails that relate to or concern the subject matter of requests nos. 1-7, 9-15 and/or 17." ' Mot. at 16 n. 11. Defendants dismiss this offer as untenable because requests 1-7, 9-15 and 17 are "unjustifiably overbroad." *Id.* This Court agrees. Requests 1-7, 9-15 and 17 are not, in this Court's view, adequately limited to any claim or defense in this litigation. Accordingly, this Court finds plaintiffs' offer ineffective.

As with the customer subpoenas, this Court finds that the financial analyst and investment company subpoenas are overbroad pursuant to the new rule. This Court further finds that there is nothing to indicate that the discovery sought by plaintiffs meets the newer, more narrow "claim or defense" standard of Rule 26(b)(1). In addition, this Court finds that plaintiffs have failed to show good cause to expand the scope of discovery to the broader "subject matter" standard. Accordingly, defendants' motion for protective order and to quash these third party subpoenas as overbroad is GRANTED.

b. Financial Newspaper Subpoena

The parties disagree as to whether the District Court's order expressly dismissed plaintiffs' claims relating the Wall Street Journal's article. *See* Mot. at 15-16; Opp. at 13. Defendants contend that "the only reference to the Wall Street Journal in the [second amended complaint] did not survive the motion to dismiss" and, therefore, the requests contained in this third party subpoena is overbroad.[FN6] Mot. at 15-16. Plaintiffs contend that the Court upheld their claims that "the Wall Street Journal article ... falsely stated that Ashworth was 'in the middle of nifty turnaround' and that [defendant] Herrel was 'fixing ... the [company's] seasonal inventory problems." Opp. at 13 (citing Brem Decl., Exh. A at 21, 24, 27, 29 and 34). The District Court's order did not, in this Court's view, clearly dismiss plaintiffs' reference to the Wall Street Journal as defendants claim. Thus, this Court finds plaintiffs'

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)
**(Cite as: 2002 WL 33009225 (S.D.Cal.))**

argument more persuasive. Accordingly, this Court finds that the subpoena issued to the Wall Street Journal is not in contravention to the District Court's order, as defendants' contend. Therefore, defendants' motion is DENIED as to this third party subpoena.

> FN6. It does not appear that defendants' motion as to this third party subpoena is based on any other contention than that the allegation was dismissed as insufficiently pled. *See* Mot. at 15-16; Reply at 9-10.

3. Time Period

**\*7** Defendants, lastly, take issue with the time period used by plaintiffs in the third party subpoenas. Because this Court grants defendants' motion as it relates to the customer subpoenas and the financial analyst subpoenas, this issue is only relevant to the subpoena issued to the Wall Street Journal.

Plaintiffs' initial requests stated that the relevant time period for the subpoeanas was January 1, 1997 through the present but agreed to modify the time period to a two year period: January 1, 1997 through January 31, 1999. Defendants contend that this two year period is overbroad because the second amended complaint alleges fraud during a ten month period only. Mot. at 16. Plaintiffs point out that the fraud alleged in their second amended complaint relates to events that began three months earlier than the September 4, 1997 date stated in their second amended complaint. Opp. at 14. Plaintiffs further point out that the ending date of January 31, 1999 is proper to discover the contrasting "trends from Ashworth's reported turnaround period." *Id.* at 15.

Defendants do not dispute that a two year time period is overbroad "as applied to [p]laintiffs' wholly unlimited categories of requested documents." Reply at 9 (emphasis omitted). Defendants state they "would not object to a request for documents created anytime during or after the class period relating to alleged consignment sales occurring within the class period; or similarly, documents relating to Ashworth's accounting, either during or in the quarter following the class period, of alleged consignment sales occurring during the class period." *Id.* at 9. Thus, this Court construes defendants as agreeing that the time frame suggested by plaintiffs would be appropriate if plaintiffs' requests were properly tailored to the claims or

defenses in this case.

Because defendants are amenable to plaintiffs' proposed time period if the requests are narrowly tailored, this Court finds that the January 1, 1997 through January 31, 1999 time period presented by plaintiffs is an appropriate period of time for the one subpoena that has been upheld. Accordingly, defendants' motion is DENIED as it relates to the two year time period presented by plaintiffs in the subpoena served upon the Wall Street Journal only.

*CONCLUSION*

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' motion for protective order and to quash the third party customer subpoenas is GRANTED;

2. Defendants' motion for protective order and to quash the financial analyst subpoenas is GRANTED;

3. Defendants' motion for protective order and to quash the subpoena served upon the Wall Street Journal is DENIED; and

4. Defendants' motion for protective order and to quash is DENIED as to the relevant time period presented by plaintiffs in the subpoena served upon the Wall Street Journal.

S.D.Cal.,2002.
In re Ashworth, Inc. Securities Litigation
Not Reported in F.Supp.2d, 2002 WL 33009225 (S.D.Cal.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.