231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**



United States District Court,
M.D. Florida,
Orlando Division.
AUTO-OWNERS INSURANCE COMPANY, Plaintiff,
v.
SOUTHEAST FLOATING DOCKS, INC., and Alan L.
Simpson, Defendants.
**No. 6:05-CV-334-ORL-31JGG.**

Sept. 28, 2005.

**Background:** In civil litigation, the District Court, Presnell, J., 2005 WL 1705495, denied defendants' motions to dismiss and motions for summary judgment. Thereafter, defendants brought motion to quash non-party subpoenas duces tecum for depositions and production of records.

**Holdings:** The District Court, Glazebrook, United States Magistrate Judge, held that:
(1) defendants had standing to move to quash or modify non-party subpoenas, based on inadequate notice;
(2) district court would deem defendants' motion to quash non-party subpoenas as motion for discovery protective order; and
(3) discovery regarding non-parties' corporate structure and corporate governance was relevant to showing non-parties were interrelated with defendants.

Motion granted in part and denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A ☞1353.1**

170A Federal Civil Procedure
   170AX Depositions and Discovery
     170AX(C) Depositions of Parties and Others Pending Action
       170AX(C)2 Proceedings
        170Ak1353 Subpoena
         170Ak1353.1 k. In General. Most Cited Cases

**Witnesses 410 ☞16**

410 Witnesses
   410I In General
     410k16 k. Subpoena Duces Tecum. Most Cited Cases

Defendants had standing to move to quash or modify, based on inadequate notice, non-party subpoenas duces tecum for depositions and production of records; defendants had personal interest in receiving adequate notice of depositions, and parties have standing to move to enforce district court's orders and rules. Fed.Rules Civ.Proc.Rule 45(c)(3)(A)(i), 28 U.S.C.A.

**[2] Witnesses 410 ☞9**

410 Witnesses
   410I In General
     410k7 Subpoena
       410k9 k. Application and Proceedings Thereon. Most Cited Cases

A party has standing to challenge a subpoena to a non-party if the party alleges a personal right or privilege with respect to the subpoena. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A.

**[3] Privileged Communications and Confidentiality 311H ☞406**

311H Privileged Communications and Confidentiality
   311HVII Other Privileges
     311Hk406 k. Financial Information in General. Most Cited Cases
   (Formerly 410k16)

Defendants failed to establish their personal right with respect to financial records of non-parties, as basis for standing to bring motion to quash plaintiff's non-party subpoenas for the records; while defendants alleged the records contained information about their financial relationship with non-parties, defendants did not establish any expectation of privacy in their business transactions with non-parties. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A.

**[4] Federal Civil Procedure 170A ☞1353.1**

170A Federal Civil Procedure
   170AX Depositions and Discovery
     170AX(C) Depositions of Parties and Others Pending Action

231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**

170AX(C)2 Proceedings
170Ak1353 Subpoena
170Ak1353.1 k. In General. Most Cited Cases
To extent that defendants would be required to incur third-party discovery costs that rose to level of undue burden on defendants, defendants had standing to bring motion to quash non-party subpoenas for depositions. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A.

**[5] Federal Civil Procedure 170A 🗝1353.1**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(C) Depositions of Parties and Others Pending Action
170AX(C)2 Proceedings
170Ak1353 Subpoena
170Ak1353.1 k. In General. Most Cited Cases

**Witnesses 410 🗝16**

410 Witnesses
410I In General
410k16 k. Subpoena Duces Tecum. Most Cited Cases
Defendants did not have standing to bring motion to quash non-party subpoenas duces tecum for depositions and production of records, on grounds of oppression and undue burden placed upon non-parties, where non-parties had not objected on such grounds. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A.

**[6] Federal Civil Procedure 170A 🗝1366**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(C) Depositions of Parties and Others Pending Action
170AX(C)2 Proceedings
170Ak1355 Orders for Protection of Parties and Deponents Before Oral Examination
170Ak1366 k. Motions for Protective Orders and Proceedings Thereon. Most Cited Cases

**Witnesses 410 🗝16**

410 Witnesses
410I In General

410k16 k. Subpoena Duces Tecum. Most Cited Cases
District court could deem defendants' motion to quash non-party subpoenas duces tecum for depositions and production of records as motion for discovery protective order. Fed.Rules Civ.Proc.Rules 26, 45, 28 U.S.C.A.

**[7] Federal Civil Procedure 170A 🗝1366**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(C) Depositions of Parties and Others Pending Action
170AX(C)2 Proceedings
170Ak1355 Orders for Protection of Parties and Deponents Before Oral Examination
170Ak1366 k. Motions for Protective Orders and Proceedings Thereon. Most Cited Cases

**Witnesses 410 🗝16**

410 Witnesses
410I In General
410k16 k. Subpoena Duces Tecum. Most Cited Cases
Defendants, as parties, had standing to bring motion for discovery protective order regarding plaintiff's non-party subpoenas duces tecum for depositions and production of records, if subpoenas sought irrelevant information. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[8] Federal Civil Procedure 170A 🗝1271.5**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1271.5 k. Protective Orders. Most Cited Cases
The decision to enter a discovery protective order is within the district court's discretion and does not depend on a legal privilege. Fed.Rules Civ.Proc.Rule 26, 28 U.S.C.A.

**[9] Federal Civil Procedure 170A 🗝1271.5**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1271.5 k. Protective Orders. Most Cited Cases
The party seeking a discovery protective order has the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**

burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements supporting the need for a protective order. Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A.

**[10]** **Federal Civil Procedure 170A** ☞**1272.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1272 Scope
                170Ak1272.1 k. In General. Most Cited Cases
"Relevant," within meaning of federal civil procedure rule allowing discovery of matters relevant to subject matter of pending litigation, is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[11]** **Federal Civil Procedure 170A** ☞**2708**

170A Federal Civil Procedure
    170AXVIII Execution
        170Ak2707 Supplementary Proceedings
            170Ak2708 k. Grounds and Conditions Precedent. Most Cited Cases
Discovery in aid of execution of a judgment that has not yet been entered is irrelevant and therefore improper. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

**[12]** **Federal Civil Procedure 170A** ☞**1272.1**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1272 Scope
                170Ak1272.1 k. In General. Most Cited Cases
Discovery by plaintiff regarding non-parties' corporate structure and corporate governance could show that non-parties were interrelated with defendants so that non-parties were real parties in interest who should be added to the lawsuit, making such discovery relevant, and therefore permissible. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

***427** Gene F. Zipperle, Jr., Thomas E. Crafton, Alber Crafton, PSC, Louisville, KY, Robert E. Bonner, Meier, Bonner, Muszynski, O'Dell & Harvey, P.A., Orlando, FL, for Plaintiff.

Rosemary Hanna Hayes, Hayes & Caraballo, P.L., Barbra R. Joyner, Law Office of Barbra R. Joyner, P.A., Orlando, FL, for Defendants.

**ORDER**

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion:

| MOTION: | EXPEDITED MOTION TO QUASH NON-PARTY SUBPOENAS (Doc. No. 62) |
|---|---|
| FILED: | August 27, 2005 |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Plaintiff issued five subpoenas to various non-parties for depositions and production of records. Four of the subpoenas required compliance at the same place and time. A fifth subpoena to non-party ShoreMaster, Inc. requires compliance in Minnesota, the location of the non-party. The subpoenas duces tecum and deposition notices seek discovery regarding the nature of the non-parties' business, the corporations' governing documents, ownership of the corporations, and broad discovery regarding the non-parties' financial transactions, including: production***428** of all bank statements and cancelled checks for the previous two years; the corporations' financial statements for the current year and previous two years; the corporations' financial records evidencing all creditors of the corporations and all accounts receivable for the previous two years; and all sales, transfers or disposal of corporate assets or property.

Defendants moved to quash the non-party subpoenas on

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**

the following grounds: (1) they were served on inadequate notice; (2) the subpoenas are an attempt to harass Defendants by seeking unduly burdensome, embarrassing, premature and irrelevant discovery from third parties with the intent of damaging Defendants' business relationships with those third parties; (3) Plaintiff's discovery is nothing more than a fishing expedition: (4) the discovery is in aid of execution and is premature; (5) the discovery seeks confidential and proprietary information: (6) the information sought can be more conveniently and less expensively obtained directly from Defendants. None of the non-parties have appeared to request that the subpoenas be quashed or modified.

Plaintiff argues that Defendants lack standing to quash subpoenas served on non-parties, except that Defendants may raise a claim of privilege. Defendants argue that the discovery is necessary to determine whether the non-parties should be added to the law suit as real parties in interest.

**I. Adequate Notice of the Subpoenas Duces Tecum and Depositions**

There is no fixed time limit for service of subpoenas under Fed.R.Civ.P. 45. Local Rule 3.02(a). however, provides in relevant part that a party desiring to take the deposition "of any person" must give at least 10 days written notice to every other party in the action and the deponent. Pursuant to Fed.R.Civ.P. 6(a) and Local Rule 4.20, the ten days is calculated by excluding intermediate Saturdays, Sundays, and legal holidays. Further, when notice is mailed, an additional 3 days is added to the original prescribed period. Fed.R.Civ.P. 6(e) and Local Rule 4.20. The Court may quash or modify a subpoena that fails to allow a reasonable time for compliance. Fed.R.Civ.P. 45(c)(3)(A)(i).

Four of the five subpoenas were served by mail on August 17, 2005, with a deposition and document production date of September 7, 2005.[FN1] Computing the time under Rule 6 and Local Rule 4.20, adequate notice for these depositions was given. The fifth subpoena to ShoreMaster was signed on August 19, 2005, with a deposition and document production date of August 31, 2005.[FN2] As the deposition was set for 8 days after the date of the subpoena, inadequate notice was given to ShoreMaster and Defendants.

> [FN1.] No certificate of service was attached to the subpoena and notice to take deposition of North Florida Ready Mix, filed as Exhibit 1-D to Defendant's motion, and the Court assumes that it

was served on the same date as the other three subpoenas based on the same stamped "received" date.

> [FN2.] No certificate of service was attached to the subpoena and notice to take deposition of ShoreMaster, filed as Exhibit 1-C to Defendant's motion, and the Court assumes that it was served on the same date it was signed.

[1] Further, Defendants have standing to move to quash or modify the subpoena based on inadequate notice. Not only do Defendants have a personal interest in receiving adequate notice of depositions, a party has standing to move to enforce the Court's orders and rules. *Cf., Central Bank of Tampa,* 128 F.R.D. 285 (1989) (granting defendant's motion to quash and for a protective order as to subpoena directed to non-party that did not comply with Fed.R.Civ.P. 27); SCHWARZER, TASHIMA & WAGSTAFFE, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIALL, ¶ 11:2286 (The Rutter Group 2005) ("Prior to the deposition, the nonparty witness, *or any party* may move: to quash the subpoena (e.g., for improper service, inadequate description, or lack of control of the designated documents)...") (emphasis in original).

The inadequacy of notice for the ShoreMaster deposition and production of documents, however, appears moot at this time as Plaintiff and ShoreMaster agreed to a postponement of the August 31 date. In rescheduling**429** the deposition, Plaintiff must give the required notice to Defendants.[FN3]

> [FN3.] Defendants also complain that the deposition dates were set without consulting Defendants. While consultation regarding deposition dates is not required by Court rules, the Court encourages courtesy among counsel in scheduling depositions and finds that such courtesies often help avert these types of motions. *See* Middle District Discovery (2001) at 5, § II.A.1.

**II. Defendants' Standing To Move to Quash On the Grounds Of Relevance, Oppressiveness and Undue Burden**

[2] Plaintiff cites several district court cases from outside the Eleventh Circuit for the proposition that, absent a claim of privilege, a party has no standing to challenge a subpoena to a non-party. The law governing courts in the Eleventh Circuit, however, is somewhat broader, and

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**

standing exists if the party alleges a "personal right or privilege" with respect to the subpoenas. *Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979)*; *see also, State of Florida v. Jones Chem., Inc., 1993 WL 388645 *2 (M.D.Fla.1993)*.

Defendants argue that the subpoenas seek "extensive and intrusive information about every aspect of the financial relationship between Defendants and the non-parties" and that the information is "confidential and proprietary." Defendants further contend that there are less expensive and more convenient sources from which the information could be obtained, although it is unclear whether Defendants contend that these extra costs create an undue burden on Defendants as opposed to an undue burden on the non-parties.

[3] The financial records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore, Defendants fail to establish a "personal right" regarding the records. *See Clayton Brokerage Co., Inc. v. Clement, 87 F.R.D. 569, 571 (D.Md.1980)* (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Therefore, Defendants do not have standing under Rule 45 to quash the subpoenas regarding financial records.

[4][5] To the extent that Defendants would be required to incur third party discovery costs that rise to the level of an undue burden for Defendants, Defendants have standing to quash on those grounds. Defendants, however, have made no showing of undue burden. Further, Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds. *See* 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2035 ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.").

For all of these reasons, Defendants' motion to quash is denied.

## III. Analysis of Whether Good Cause Exists For a Protective Order

[6][7] Although Defendants have limited standing to quash the subpoenas pursuant to Rule 45, Defendants' motion to quash also is based on Rule 26. The Court may, and it does, deem Defendants' motion to quash as a motion for a protective order under Rule 26(c). *Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 22 (D.D.C.2005)*. As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information. *See id.*

[8][9] The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir.1985)*. Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to **\*430** demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)*.

[10] The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)*, *citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)*. The scope of discovery, though, is not without limits. *See id.* at 351-52, 98 S.Ct. 2380. "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352, 98 S.Ct. 2380. Discovery requests that are otherwise reasonable may also be limited for the following reasons:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

231 F.R.D. 426, 63 Fed.R.Serv.3d 195
**(Cite as: 231 F.R.D. 426)**

sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Fed.R.Civ.P. 26(b)(2).

[11][12] Defendants argue that Plaintiff's discovery is irrelevant because it does not relate to a claim or defense by the parties, but is in aid of execution of a judgment that has not yet been entered. The Court agrees that such discovery prior to the entry of judgment is improper. Plaintiff contends that the discovery is needed to determine whether the non-parties should be added to the law suit as real parties in interest. While certain financial records may show that the non-parties are interrelated with Defendants, Plaintiff's discovery regarding financial matters is grossly overbroad and irrelevant. Plaintiff's discovery regard corporate structure and corporate control, however, may show that the non-parties are interrelated with Defendants, and that discovery is permissible.

The Court will permit Plaintiff to conduct discovery of the non-parties' corporate structure, corporate governance, and the relationship of the corporations to Defendants. The Court, however, finds good cause to prevent the overbroad discovery of the non-parties' finances and enters a protective order as to the financial information sought by the subpoenas and deposition notices. By this Order, the Court does not intend to preclude all discovery of the non-parties' finances. A more narrowly tailored subpoena that focuses on relevant issues would be permitted.

### CONCLUSION

The motion to quash is denied. The Court, however, construes the motion as a motion for a protective order and grants a protective order as to the financial information sought by the subpoenas and deposition notices.

M.D.Fla.,2005.
Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.
231 F.R.D. 426, 63 Fed.R.Serv.3d 195

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.