

# WILLENKEN
WILLENKEN WILSON LOH & LIEB LLP

January 14, 2010

**VIA ELECTRONIC MAIL (ENRICO@TRAVERSELEGAL.COM)**
**AND U.S. MAIL**

Enrico Schaefer, Esq.
Traverse Legal
810 Cottageview Drive, Suite G-20
Traverse City, MI 49684

Re: *Weather Underground v. Navigation Catalyst Systems, Inc.*

Dear Mr. Schaefer:

I am writing to address the discovery you intend to propound on third-party trademark holders that are not a party to this action.

On January 11, 2010, your local counsel, Anthony Patti, explained to the Court the type of information you intend to seek from these third parties by way of written depositions. As I recall, the information you seek is: (i) whether these parties own a particular mark, (ii) whether these parties have authorized, licensed, or otherwise permitted Navigation Catalyst Systems, Inc. ("NCS") to register certain domain names, and (iii) whether these third parties were aware of the registration of these domain names.

That being the case, it appears that your desire to send out thirty (30) written depositions to thirty (30) third parties that are unrelated to this matter is nothing more than an attempt to needlessly increase the cost of litigating this matter as well as an attempt to drum up business for yourself going forward.

As to the first point, the ownership of a particular registered mark is not in serious dispute. One need not take a deposition to determine information that is readily available through TESS. Indeed, the fact that you have already identified the owners of various marks, as indicated in Plaintiff's Initial Disclosures, indicates that you already know the answer to the question of "who owns the mark"?

As to the second point, whether NCS is a licensee of any particular third party is within NCS's knowledge. Thus, NCS could just as easily answer any question you may have as to whether it is a licensee or not, without burdening an unrelated third party.

Third, whether a third party is aware of NCS or its domain names is irrelevant. Even if one accepts the proposition that NCS's registration of a domain name that is arguably similar to the marks of third parties, the statue says nothing about whether the third party's knowledge of that registration is of any importance. It is not.

Given that the information you seek is available through other, faster means, the only explanation for your intended actions is Plaintiff's desire to make it as costly as possible for NCS to defend itself in this matter. And, of course, should one of these third parties—having now been made aware of NCS by virtue of your subpoenas—ask you and your firm to also file suit against NCS, then you, personally, get an added bonus.

However, broad discovery may be under the Federal Rules of Civil Procedure, the Rules certainly do not permit needless discovery intended solely to burden and harass. I am sure we can work out a manner by which you can obtain all the answers you seek without resorting to the costly exercise of sending out over two dozen subpoenas around the country to third parties that are unrelated to this litigation.

Please feel free to call me to discuss at your convenience. My direct dial is (213) 955-8022.

Very truly yours,

William A. Delgado