IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; BASIC FUSION, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; and FIRSTLOOK, INC.,
   a Delaware corporation,

       Defendants.
_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & LIEB LLP |
| TRAVERSE LEGAL, PLC | 707 Wilshire Boulevard, Suite 3850 |
| 810 Cottageview Drive, Unit G-20 | Los Angeles, CA 90017 |
| Traverse City, MI 49686 | (213) 955-9240 |
| 231-932-0411 | williamdelgado@willenken.com |
| enrico.schaefer@traverselegal.com | Lead Counsel for Defendants |
| brianhall@traverselegal.com | |
| Lead Attorneys for Plaintiff | Nicholas J. Stasevich (P41896) |
| | Benjamin K. Steffans (P69712) |
| Anthony P. Patti (P43729) | J. Michael Hutet (P39150) |
| HOOPER HATHAWAY, PC | BUTZEL LONG, P.C. |
| 126 South Main Street | 150 West Jefferson, Suite 100 |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| 734-662-4426 | (313) 225-7000 |
| apatti@hooperhathaway.com | stasevich@butzel.com |
| Attorneys for Plaintiff | steffans@butzel.com |
| | huget@butzel.com |
| | Local Counsel for Defendants |

_____

**STIPULATED PROTECTIVE ORDER**

I. Except as otherwise ordered by this Court, this Stipulated Protective Order (hereinafter "Order") shall apply to all documents produced and all discovery responses given or filed in this action both by the parties and by any non-party that produces discovery in this case pursuant to discovery demand, subpoena or agreement. For purposes of this Order, "document or discovery response" shall include, but not be limited to, documents and tangible things, responses to requests for production of documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits and all copies, extracts, summaries or compilations.

II. Any party or non-party from whom production is sought may designate a document or discovery response as CONFIDENTIAL only pursuant to the terms of this Order.

  A. CONFIDENTIAL information may include any discovery material that the producing party or non-party reasonably believes to be "confidential" "trade secret" or "proprietary" as those terms are defined under applicable state law.

  B. A document or information contained in a document or discovery response given or filed in this case may be designated by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing confidential information or, in the case of electronic discovery, in

folders with an appropriate notation substantially in the form: CONFIDENTIAL.

1. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain CONFIDENTIAL information shall also be treated as CONFIDENTIAL information pursuant to this Order.

2. In the event deposition testimony concerns matters that a party or non-party deems CONFIDENTIAL, the entity seeking such protection may designate that portion of the transcript as such (a) during the course of the deposition (in which case participation in that portion of the deposition may be limited to those persons who are authorized to receive such information pursuant to this Order) or (b) by written designation made within fifteen (15) days of receipt of the relevant transcript.

3. Regardless of the manner in which deposition designation as CONFIDENTIAL is initially made, such written designation shall be accomplished by clearly marking on a copy of that transcript each portion of the transcript containing CONFIDENTIAL information by placing the appropriate legend on the page of each portion of the transcript to be so designated. The marked transcript shall

be served on all parties to this action. In any Court filing or written discovery response, a party or non-party shall note on the cover page of the document or discovery response, that all or a portion of the document or discovery response contains CONFIDENTIAL information designated pursuant to this Order and shall furnish such information under seal pursuant to paragraph II.E. hereof.

C. Deposition testimony designated as containing CONFIDENTIAL information may be so designated in response to a question, prior to any responsive testimony being given, or thereafter, regardless of whether the non-designating party objects to the designation. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion.

D. It is the responsibility of counsel for each party of this action to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any materials containing CONFIDENTIAL information obtained from any party or non-party by maintaining the information in a secure and appropriate manner.

E. To the extent that CONFIDENTIAL information is contained in or attached to materials filed with the Court, such materials will be filed under seal. No one other than the Court, its agents and employees, and persons authorized by this Order or any

subsequent order of the Court or agreement of the parties, shall have access to such sealed materials.

F. Except with the prior written consent of the party asserting confidential treatment or prior order of the Court, any CONFIDENTIAL document or discovery response, and the information contained therein, may not be disclosed other than in accordance with this Order. All persons to whom CONFIDENTIAL information is disclosed shall be required to abide by the terms of this Order.

    1. CONFIDENTIAL information may be disclosed to those officers, directors and employees of any party or producing non-party for purposes of participation and preparation of any claims or defenses to be asserted in the pending action as specified in II.I.

    2. CONFIDENTIAL information may be disclosed to (a) expert witnesses, (b) consultants, (c) litigation support services, including outside copying services, (d) court reporters, (e) or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, engaged by counsel for a party to assist in the prosecution or defense of this action, provided that each person shall first have read a copy of this Order and

manifest his or her intent to assent to its terms by signing a copy of the attached "Acknowledgement Regarding The Stipulated Protective Order" attached hereto. Each such signed Acknowledgement shall be maintained by the party providing the CONFIDENTIAL information to that person and a copy thereof shall be provided to any party to this action and to the producing entity whose CONFIDENTIAL information was disclosed pursuant to this paragraph upon request.

3. CONFIDENTIAL information may be disclosed to the Court and Court personnel under such safeguards as provided for in paragraph II.E. hereof.

4. CONFIDENTIAL information may be disclosed to non-party witnesses and their counsel of record only to the extent that such information was written by, or to, such witness, or where counsel believes in good faith that the witness knows or should know of the existence and content of such information.

5. CONFIDENTIAL information may be disclosed to deposition witnesses, including current or former employees, officers or directors of a party or non-party, reasonably believed to have relevant information regarding the CONFIDENTIAL

information. The deponent shall be provided a copy of this Protective Order and shall be subject to its terms.

6. CONFIDENTIAL information may be disclosed to any other person as to whom the party or non-party producing the information has consented to disclosure in advance and in writing, on notice to each party hereto. Such consent shall not be unreasonably withheld.

G. No recipient of CONFIDENTIAL information shall make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

H. Nothing in this Order shall preclude any party to this lawsuit or its counsel: (a) from showing any CONFIDENTIAL document or discovery response to an individual who either prepared, authored, or received the document or discovery response prior to the filing of this action; (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that that party itself has designated as CONFIDENTIAL; or (c) from disclosing or using, in any manner or for any purpose, any information or documents obtained legally from a source not governed by this Order.

I. A party disclosing CONFIDENTIAL information to a person described in paragraph II.F. hereof must first: (i) advise the recipient that the information is CONFIDENTIAL and may only be used in connection with this or related litigation; (ii) provide the recipient with a copy of this Order; and (iii) have that person execute the Acknowledgment Regarding The Stipulated Protective Order attached hereto.

J. In the event that a party receiving CONFIDENTIAL or information, receives a subpoena or other compulsory process for any such CONFIDENTIAL documents or information from any court or local, state, or federal government entity, the receiving party shall provide notice of the subpoena in writing to the party that produced the information within 24 hours of receipt of such process. The notice will set forth the information subpoenaed, the person requesting the subpoenaed information, and attach a copy of the subpoena or other process. The purpose of the notice is to provide an opportunity for the party that had produced and designated the CONFIDENTIAL information to challenge the subpoena or other process. Any such subpoenaed information will not be turned over before the expiration of ten (10) days following service of this notice or resolution of the judicial challenge to said subpoena or other process, whichever is later.

K.  Any party who believes in good faith that they have Confidential Information which requires more protection than provided in this Order (i.e. should only be available for 'attorney eyes only') may designate such information as HIGHLY CONFIDENTIAL upon disclosure.  The disclosing party shall then have ten (10) calendar days to bring a motion asking the Court that the documents be granted this higher level of protection.  Prior to the resolution of the motion, HIGHLY CONFIDENTIAL shall only be disclosed to legal counsel for the receiving party.  In the event that the disclosing party fails to bring a motion within 10 days, the documents shall be designated CONFIDENTIAL in accordance with this Order.

III. Any party who wishes to challenge another party's designation of information as CONFIDENTIAL may proceed as follows:

A.  Any party receiving any information or documents that have been designated as CONFIDENTIAL may object in writing to such designation (and to a non-party if that is the designating entity), and identify the desired de-designation by specifying the information or material that the challenging party contends was improperly designated.  The designating party (or any other interested party) shall then have ten (10) days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties. (The 10-day period in which to respond is subject to

enlargement or extension by either consent of the challenging party, such consent not to be unreasonably withheld, or the Court.) Absent a timely rejection of the desired de-designation, the information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation. If such objection cannot be resolved, in good faith, by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation.

B. The objecting party's motion shall:

1. certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

2. list by document number, deposition page and line number, or other appropriate designation of material lacking bates numbers, the information that the party claims was improperly designated CONFIDENTIAL.

C. The burden of establishing the factual and legal basis for CONFIDENTIAL treatment of any information rests with the party requesting such confidentiality.

D. If such motion is timely made as provided in paragraph III hereto, until the motion is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the

information shall continue to be accorded the treatment required by this Order.

E. For any motion brought pursuant to Section III, the Court may award attorneys' fees, costs, or other appropriate sanctions against the non-prevailing party if the Court finds that the non-prevailing party's designation or motion seeking de-designation was in bad faith.

IV. Nothing contained in this Order shall affect the right of any party or producing entity to make any objection, claim privilege, or otherwise contest any request for production of documents, subpoena, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver, in whole or in part, of any claim, privilege, or defense by any party or producing entity. If a producing party or non-party inadvertently produces privileged material, upon learning of the inadvertent disclosure, it shall promptly so notify in writing those persons to whom it produced that material and may seek further relief from the Court.

V. Any party shall be free to move to modify this Order.

VI. A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

VII. All materials containing CONFIDENTIAL information that are submitted to the Court or used in any pretrial proceeding before this Court shall continue to be entitled to the protection provided by this Order.

VIII. Each person who receives CONFIDENTIAL information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

IX. Promptly upon the conclusion of this action, including any appeals, all CONFIDENTIAL information of any type, all copies thereof, and all excerpts therefrom shall be returned to counsel for the party or non-party producing the documents, or destroyed, at the producing entity's option except that one (1) copy of such information may be retained by counsel for archival purposes

X. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of CONFIDENTIAL or HIGHLY-CONFIDENTIAL information of any type for enforcement of the provisions of this Order following termination of this litigation.

XI. This Order shall have no effect on whether a document or information is discoverable. Any agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information designated CONFIDENTIAL or HIGHLY-CONFIDENTIAL by a party or non-party: (a) is entitled to

any confidentiality; (b) is competent, relevant, or material; (c) is subject to discovery; or (d) is admissible as evidence in this case. Designation of any information subject to this Order shall have no meaning or effect with respect to the substantive issues in this proceeding for the claims or defenses of any party hereto.

XII. Nothing in this Order shall be construed to prohibit a party to petition the Court for a modification of this Order upon noticed motion.

XII. This Order is binding on the parties immediately upon execution.

SO STIPLUATED:

/s/Enrico Schaefer_____  
Enrico Schaefer (P43506)  
Brian A. Hall (P70865)  
TRAVERSE LEGAL, PLC  
810 Cottageview Drive, Unit G-20  
Traverse City, MI 49686  
231-932-0411  
enrico.schaefer@traverselegal.com  
brianhall@traverselegal.com  
Lead Attorneys for Plaintiff

/s/ William A. Delgado_____  
William A. Delgado  
WILLENKEN WILSON LOH & LIEB LLP  
707 Wilshire Boulevard, Suite 3850  
Los Angeles, CA 90017  
(213) 955-9240  
williamdelgado@willenken.com  
Lead Counsel for Defendants

SO ORDERED:

S/Virginia M. Morgan_____  
Virginia M. Morgan  
United States Magistrate Judge

Dated: February 22, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 22, 2010.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan