UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE WEATHER UNDERGROUND, INC.,
a Michigan corporation,

                Plaintiff,

v.

NAVIGATION CATALYST SYSTEMS, INC.,
a Delaware corporation,

                Defendant.
_____/

CASE NO. 09-10756

HON. MARIANNE O. BATTANI

**ORDER DENYING DEFENDANT NAVIGATION CATALYST SYSTEMS,
INC.'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM**

On June 15, 2010, Magistrate Judge Virginia M. Morgan entered an Order Denying Defendant's Motion for Leave to File Counterclaim (Doc. No. 90). Defendant Navigation Catalyst Systems, Inc. (NCS) objects to the ruling, which denied its request to assert a counterclaim for cancellation of Plaintiff's trademark WEATHER STICKER on the ground that the term is descriptive or generic for any graphic or banner that presents weather information on a website. The Court has reviewed the pleadings, and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, Defendant's objection is **DENIED**.

**I. BACKGROUND**

Plaintiff, Weather Underground, Inc. ("Weather Underground"), is a commercial weather service, acting as an index for the information provided to it by multiple weather stations. (Compl. ¶¶ 1,11-13.) Weather Underground filed suit in February 2009, alleging

that NCS infringed its trademarks by registering domain names with various misspellings of Plaintiff's web properties to redirect Plaintiff's customers to competitors and third-party advertisers in violation of the Anti-Cybersquatting Consumer Protection, 15 U.S.C. § 1125(d), the Lanham Act, 15 U.S.C. § 1114(1), § 1125(a),and §1125(c), and state law.

In May 2010, NCS requested leave to file a counterclaim for cancellation of Plaintiff's WEATHER STICKER trademark. NCS argued that leave would be in the interest of justice that the claim was not in bad faith or futile, and would not prejudice Plaintiff unfairly. The Magistrate Judge disagreed, finding that the factors relevant for consideration on a motion to amend weighed against granting the motion, noting that NCS had delayed in filing the motion and that the counterclaim would be futile given Defendant's lack of standing. (Doc. No. 90.)

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's nondispositive discovery orders. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the moving party demonstrates the ruling is "clearly erroneous" or "contrary to law." Id. The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. See Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). Instead, the standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948).

2

## III. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "However, leave to amend is inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . .or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

### A. Futility

A petitioner may bring a cancellation claim under § 1064 of the Lanham Act when it establishes facts showing a 'real interest' in the proceeding. 15 U.S.C. § 1064. There is no comprehensive list of factors that is used to establish a "real interest," but a cancellation petitioner must possess a personal interest in the proceeding and show the existence of a real controversy between the parties. Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 735 F.2d 346, 349 (9th Cir. 1984)

> The petitioner [ ] must show a real and rational basis for his belief that he would be damaged by the registration sought to be cancelled, stemming from an actual commercial or pecuniary interest in his own mark. Interest assertions will vary with the facts surrounding each cancellation dispute and therefore, a petitioner's standing must be scrutinized case-by-case. Examples of what courts have countenanced as reasonable bases are: an assertion of a likelihood of confusion [between the petitioner's mark and the registered mark at issue] which is not wholly without merit,. . .or. . .a rejection of an application during prosecution.

Id. (internal citations and quotation marks omitted).

NCS contends that the Magistrate Judge committed clear error when she applied this restrictive standard to the issue of standing. NCS adds that it is not an intermeddler;

it has a real interest because Plaintiff put the WEATHER STICKER mark at issue in its Complaint. The Court disagrees.

In contrast to other marks identified in the Complaint, there is no allegation or evidence presented that NCS intends to use or has used the WEATHER STICKER mark. The fact that NCS is in the business of acquiring generic names does not alter the analysis. Further, these facts distinguish this case from <u>Syntex (USA) Inc. v. E.R. Squibb & Sons</u>, 1990 WL 354501 (T.T.A.B. Mar. 22, 1990), and the others upon which Defendant relies on in advancing its objection. Because NCS is not using the mark, it argues hypothetical intent and hypothetical injury--if it wanted to acquire the domain name, which it believes to be generic, it would be unable to do so for fear of litigation by Plaintiff. In sum, the proposed counterclaim for cancellation does not reflect a real interest grounded in a real controversy. Accordingly, the facts of this case present no basis for the Court to find the Magistrate Judge's ruling was clearly erroneous or contrary to law.

**B. Undue Delay**

Magistrate Judge Morgan also concluded that NCS had unduly delayed in filing its motion. It had actual notice of the WEATHER STICKER mark when Plaintiff filed its Complaint in January 2009. Further, NCS included Affirmative Defenses challenging the WEND and WUNDER marks, but failed to challenge the WEATHER STICKER mark.

The Court rejects Defendant's characterization of its obligation and state of knowledge relative to the timing of the filings in this case. Specifically, NCS asserts that when it filed its answer it had no reason to know of Plaintiff's use, use by third-parties, or its potential challenge. Nevertheless, in support of its request for leave to file a counterclaim, NCS attached web page printouts for Plaintiff's web site and the results of

4

a Google search using WEATHER STICKER in a generic way. Defendant certainly had access to the same information from the time the Complaint was filed. Moreover, it certainly had a basis for ascertaining this information in formulating its affirmative defenses. Accordingly, even though discovery has not closed, the Magistrate Judge's finding of undue delay is neither clearly erroneous nor contrary to law. In addition, the Court notes that the additional discovery that would be required relative to a counterclaim over a mark that NCS has no intention of using could significantly delay the resolution of the dispute.

## IV. CONCLUSION

In accordance with the foregoing, Defendant's objections are **DENIED**.

**IT IS SO ORDERED.**

                                              s/Marianne O. Battani
                                              MARIANNE O. BATTANI
                                              UNITED STATES DISTRICT JUDGE

Date: August 10, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                              s/Bernadette M. Thebolt
                                              Case Manager