IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; FIRSTLOOK, INC.,
   a Delaware corporation; and EPIC MEDIA
   GROUP, INC., a Delaware corporation,

       Defendants.
_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & LIEB LLP |
| TRAVERSE LEGAL, PLC | 707 Wilshire Boulevard, Suite 3850 |
| 810 Cottageview Drive, Unit G-20 | Los Angeles, CA  90017 |
| Traverse City, MI  49686 | (213) 955-9240 |
| 231-932-0411 | williamdelgado@willenken.com |
| enrico.schaefer@traverselegal.com | Lead Counsel for Defendants |
| brianhall@traverselegal.com | |
| Lead Attorneys for Plaintiff | Nicholas J. Stasevich (P41896) |
| | Benjamin K. Steffans (P69712) |
| Anthony P. Patti (P43729) | BUTZEL LONG, P.C. |
| HOOPER HATHAWAY, PC | 150 West Jefferson, Suite 100 |
| 126 South Main Street | Detroit, MI  48226 |
| Ann Arbor, MI  48104 | (313) 225-7000 |
| 734-662-4426 | stasevich@butzel.com |
| apatti@hooperhathaway.com | steffans@butzel.com |
| Attorneys for Plaintiff | Local Counsel for Defendants |

_____

**DEFENDANTS CONNEXUS CORPORATION, FIRSTLOOK, INC., AND
NAVIGATION CATALYST SYSTEMS, INC.'S MOTION IN *LIMINE* NO. 3**

## NOTICE OF MOTION AND MOTION

TO THIS HONORABLE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

Connexus Corporation, Firstlook, Inc., and Navigation Catalyst Systems, Inc. (collectively the "Defendants") hereby move this court in *limine* for an order excluding any reference, insinuation, questioning, argument, or evidence (testimony or documents) regarding Defendants' registration of domain names that are "adult" in nature.

The bases for this Motion are set forth in the Memorandum of Points and Authorities; to wit, that such argument and testimony are irrelevant to this matter pursuant to Federal Rule of Evidence 402. Even if such evidence was relevant and admissible, the prejudicial effect of such evidence substantially outweighs its probative value, and, therefore, the Court should exercise its discretion to exclude such argument and testimony under Federal Rule of Evidence 403.

Counsel for Defendants have explained the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

RESPECTFULLY SUBMITTED this 24th day of February, 2012 (Pacific Time).

    */s/William A. Delgado*
    William A. Delgado
    WILLENKEN WILSON LOH & LIEB LLP
    707 Wilshire Boulevard, Suite 3850
    Los Angeles, CA 90017
    (213) 955-9240
    williamdelgado@willenken.com
    Lead Counsel for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

With this motion in *limine*, Defendants seek to exclude any argument and/or evidence related to Defendants' registration of domain names that are "adult" in nature. As this Court is aware, Defendants are in the business of bulk domain name registration and monetization. Among those names that might be profitable to Defendants are those containing sexually suggestive or explicit, *i.e.*, "adult," language. For example, Defendants are the owners of domain names such as "4youporn.com," "loerotica.com," and "escorts8.com." This activity is not illegal; nor does it have any bearing whatsoever on Plaintiff, either in the context of this lawsuit or elsewhere. Yet, Defendants anticipate that Plaintiff might try to introduce evidence of the adult domain names to paint Defendants as unsavory and inflame the jury against them. Such evidence has absolutely no relation to the instant lawsuit and should be wholly excluded from trial.

### II. ARGUMENT

#### A. EVIDENCE OF THE REGISTRATION OF ADULT DOMAIN NAMES IS IRRELEVANT TO THIS LAWSUIT.

Federal Rule of Evidence 402 specifically provides that "[e]vidence which is not relevant is not admissible." Rule 402 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here, Defendants' registration nd ownership of adult domain names is patently irrelevant to this lawsuit. To track the language of Rule 402, the fact that Defendants have registered the name "4youporn.com" does not make it more or less probable that Defendants infringed on Plaintiff's trademark rights. This is a lawsuit about **one** unique set of allegations, specifically whether Defendants violated Plaintiff's purported trademark rights by registering certain domain names – names that purportedly relate to Plaintiff's weather business and are **no**t adult in nature. It is not a lawsuit about Defendants' business practices, in general, or what other domain names Defendants own. Nor is this a lawsuit about Defendants' character. Defendants are in the business of registering domain names in bulk and, consequently have registered certain profitable domain names that other parties might find distasteful. But, Plaintiff's dispute with Defendants concerns only a small subset of Defendants' domain names, the remainder of which are patently irrelevant to this particular lawsuit.

B. EVEN IF RELEVANT, EVIDENCE OF THE ADULT DOMAIN NAMES SHOULD BE EXCLUDED FROM TRIAL AS PREJUDICIAL AND A WASTE OF TIME.

Pursuant to Federal Rule of Evidence 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Sixth Circuit has granted trial courts broad discretion to exclude evidence whose prejudicial effect outweighs its probative value. *See, e.g., U.S. v. Fisher*, 648 F.3d 442, 449 (6th Cir. 2011) (upholding district court's decision to exclude documentary evidence that would have "a high likelihood of misleading and confusing the jury"). Where, as

here, the evidence is wholly irrelevant, the trial judge has wide latitude to restrict or completely exclude it. *U.S. v. Mack*, 258 F.3d 548, 555 (6th Cir. 2001) (concluding that the district court erred in admitting evidence of prior acts, where the evidence had little probative value and would prejudice the jury as to defendant's "bad character") .

As previously established, there is nothing probative about Defendants' registration of adult domain names. This lawsuit is not even about the nature of Defendants' domain names themselves but, rather, about whether they infringe on Plaintiff's trademark rights. Plaintiff has never alleged that Defendants' adult domain names infringe on its rights. Yet the danger that such evidence would unfairly prejudice the jury is substantial.

Plaintiff will likely seek to introduce evidence of the adult domain names to show the jury that Defendants are unsavory, immoral characters, profiting from the registration of distasteful names. Defendants register thousands of domain names, only a subset of which are adult in nature. Yet, there is probably nothing more prejudicial to Defendants than evidence of activity that – while perfectly legal – would make a jury uncomfortable, embarrassed, and disapproving. The trial could easily turn into a condemnation of Defendants' adult domain names, which are "more lurid and frankly more interesting than the evidence surrounding the actual [allegations]." *U.S. v. Stout*, 509 F. 3d 796, 801 (6th Cir. 2007). Thus, "[a]ny jury will be more alarmed and disgusted" by the adult domain names than by any allegations Plaintiff makes against Defendants, and will consequently pay "undue attention" to the domain names and be "improperly distracted from the primary evidence at hand." *Id*.

And, as if the prejudicial danger to Defendants was not sufficient, evidence of the adult domain names is likely to confuse the jury as they wonder what weight to accord this evidence

5

and how it relates to the instant lawsuit.  This is a needless distraction which will take up an undue amount of time and waste judicial resources.

## III.     CONCLUSION

Defendants' registration of adult domain names is irrelevant to this trial, which is a unique set of allegations concerning a unique set of domain names which are not adult in nature. And, even if it could somehow be relevant, the danger of prejudice and confusion, and the unnecessary delay such evidence would cause, mitigates in favor of exclusion.  For these reasons, this Court should exclude all arguments, evidence, and references to the existence of the adult domain names.

RESPECTFULLY SUBMITTED this 24th day of February, 2012 (Pacific time).

*/s/William A. Delgado*
William A. Delgado
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 24, 2012, Pacific Time, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Enrico Schaefer (P43506) | Nicholas J. Stasevich (P41896) |
| Brian A. Hall (P70865) | Benjamin K. Steffans (P69712) |
| TRAVERSE LEGAL, PLC | BUTZEL LONG, P.C. |
| 810 Cottageview Drive, Unit G-20 | 150 West Jefferson, Suite 100 |
| Traverse City, MI 49686 | Detroit, MI 48226 |
| 231-932-0411 | (313) 225-7000 |
| enrico.schaefer@traverselegal.com | stasevich@butzel.com |
| brianhall@traverselegal.com | steffans@butzel.com |
| Lead Attorneys for Plaintiff | Local Counsel for Defendants |
| | |
| Anthony P. Patti (P43729) | William A. Delgado |
| HOOPER HATHAWAY, PC | WILLENKEN WILSON LOH & LIEB LLP |
| 126 South Main Street | 707 Wilshire Boulevard, Suite 3850 |
| Ann Arbor, MI 48104 | Los Angeles, CA 90017 |
| 734-662-4426 | (213) 955-9240 |
| apatti@hooperhathaway.com | williamdelgado@willenken.com |
| Attorneys for Plaintiff | Lead Counsel for Defendants |

                                            */s/William A. Delgado*
                                            William A. Delgado
                                            WILLENKEN WILSON LOH & LIEB LLP
                                            707 Wilshire Boulevard, Suite 3850
                                            Los Angeles, CA 90017
                                            (213) 955-9240
                                            williamdelgado@willenken.com
                                            *Lead Counsel for Defendants*