IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
a Michigan corporation,

                                Case No.  2:09-cv-10756

        Plaintiff,                 Hon. Marianne O. Battani

vs.

NAVIGATION CATALYST SYSTEMS, INC.,
a Delaware corporation; BASIC FUSION, INC.,
a Delaware corporation; CONNEXUS CORP.,
a Delaware corporation; and FIRSTLOOK, INC.,
a Delaware corporation,

        Defendant.

_____/

| | |
|---|---|
| Enrico Schaefer (P43506) | Nicholas J. Stasevich (P41896) |
| Brian A. Hall (P70865) | Benjamin K. Steffans (P69712) |
| TRAVERSE LEGAL, PLC | BUTZEL LONG, PC |
| 810 Cottageview Drive, Unit G-20 | 150 West Jefferson, Suite 100 |
| Traverse City, MI  49686 | Detroit, MI 48226 |
| 231-932-0411 | (313) 225-7000 |
| enrico.schaefer@traverselegal.com | stasevich@butzel.com |
| brianhall@traverselegal.com | steffans@butzel.com |
| Lead Counsel for Plaintiff | Local Counsel for Defendants |
| | |
| Anthony Patti (P43729) | William A. Delgado (admitted pro hac vice) |
| HOOPER HATHAWAY, P.C. | WILLENKEN WILSON LOH & LIEB LLP |
| 126 South Main Street | 707 Wilshire Blvd., Ste. 3850 |
| Ann Arbor, MI  48104 | Los Angeles, CA  90017 |
| 734-662-4426 | 213-955-9240 |
| apatti@hooperhathaway.com | williamdelgado@willenken.com |
| Co-counsel for Plaintiff | Lead Counsel for Defendants |

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 5
REGARDING OTHER COMPANIES ASSOCIATED WITH DEFENDANTS**

NOW COME Plaintiff, by and through counsel, TRAVERSE LEGAL, PLC and HOOPER HATHAWAY, P.C., and hereby submits its response to Defendants' Motion in Limine No. 5 regarding other companies associated with Defendants and states as follows:

## I.        Introduction

Defendants' Motion in Limine No. 5 seeks to prevent evidence regarding other companies associated with Defendants.  Defendants argue that these other companies were not involved in the registration of any domain names at issue in this lawsuit and thus are irrelevant. Not only are Defendants mistaken as to the facts, but they also ignore the fact that the existence of these other companies and their varied involvement with Defendants' domain name registration, use, and monetization is entirely relevant to whether or not they possessed the requisite bad faith intent to profit under the ACPA.  This is especially true given the creation of and nature of Defendants and these companies.[1]

Global Quest is a subsidiary, like NCS, of Defendant Firstlook and owns 95% of April Sea.  **See Declaration of William A. Delgado in Support of Defendants' Motion in Limine No. 5, Exhibit A,** David Graff Deposition at pgs. 47-48.  According to the once senior operations manager for Defendant Connexus, Dennis Rhee, April Sea is another registrar with whom domain names were registered by Defendants.  *See Exhibit A*, Dennis Rhee Deposition at pg. 126.  Metes is the listed registrant of domain names registered by Defendants.  *See Exhibit A*, Dennis Rhee Deposition at pg. 126.  Casbah was another subsidiary of Firstlook, while Nomen and Valorem were subsidiaries of Casbah, all of which are intended to be dissolved.  *See Exhibit A*, Dennis Rhee Deposition at pg. 49.  Upon information and belief, Defendants own

---

[1] Recall Defendants' original position was that they had no employees.

and/or control such domain names and companies and have utilized them as part of their business of bulk domain name registration and use, apparently in a concerted effort to further insulate themselves from assured claims and possible liability from their risky business model.

Defendants really seek to preclude Plaintiff from introducing relevant evidence concerning the unique facts and circumstances of this case that further support bad faith intent, including specifically the change in ownership of domain names once registered to Defendant Navigation Catalyst Systems, Inc. ("NCS") and the timing of those changes. Evidence showing that domain names once registered to NCS alone are now registered to a different registrant or offshore registrar tends to make the Defendants' stated practice of turning over infringing domain names upon notice from trademark owners less probable. Moreover, these facts tend to disprove Defendants' primary defense that their intent was in good faith.

## II.     Argument

### A.     Evidence of Other Association Companies Is Relevant to Bad Faith Intent

Defendants' Motion in Limine's basis for exclusion of information related to other companies is that "[n]o other companies were involved with the registration of the domain names at issue." However, testimony of Defendants' own people confirm otherwise. Since the ownership history related to domain names registered by Defendants contains other company information, it is inherent in the presentation of evidence that these other companies will be implicated in some way. Likewise, Defendants' admitted use of associated companies warrants evidence and testimony related to their particular involvement and function.

Just because NCS is not the registrant does not mean that the other companies are irrelevant. Indeed, transferring domain names, registering domain names with different entities,

changing where domain name registration occurs (e.g. Vietnam and more difficult to subject to jurisdiction), or utilizing domain name proxy services to hide true registrant/owner identity (such as use of Domain Name Proxy, LLC[2] or Vietnam Privacy Service) are relevant to evidence Defendants' bad faith intent.  The jury is entitled to consider the unique circumstances of this case in deciding whether Defendants acted with the requisite bad faith intent.  *See Sporty's Farm L.L.C. v. Sportsman's Market, Inc.*, 202 F.3d 489, 499 (2d Cir. 2000) ("The most important grounds for our holding that Sporty's Farm acted with a bad faith intent, however, are the unique circumstances of this case, which did not fit neatly into the specific factors enumerated by Congress but may nevertheless be considered under the statute.").  In fact, the Court in *Sporty's Farm* considered that the domain name registrant/user "created another company in an unrelated business that received the name" so it could use the name commercially, keep it away from the trademark owner, and protect itself in the event of a lawsuit.  *See id.*

Similarly, the existence of other companies associated with the Defendants' domain name registration, use, or trafficking makes it more likely than not that Defendants are trying to avoid cybersquatting liability and continue to profit from their domain portfolio in bad faith.  If indeed the purpose of these other entities was to aid international expansion, as claimed in Defendants' motion, which domains were registered to which companies and when is relevant to disprove such fact and position.  For example, the jury is entitled to know that, and decide the Defendants' associated intent for, Defendants' decision to change their domain name registration practices after the initiation of this lawsuit in such a way that "some will go here [with NCS] and some

---

[2] Tellingly, Defendants do not contest mention of Domain Name Proxy, LLC, which is a privacy service used by Defendants to "mask" the registrant, who is actually NCS.  ***See Exhibit A,*** Dennis Rhee Deposition at pg. 51.

will go there [with April Sea]." ***See Exhibit A,*** Dennis Rhee Deposition at pg 126, lines 4-5; pg. 132, lines 1-4.

Ultimately, the existence of and intended purpose of these companies should be considered as part of a bad faith determination because the ACPA itself, namely 15 U.S.C. § 1125(d)(1)(B)(VII), considers, as one of the bad faith factors, "the provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct." It is for the jury to decide whether other companies truly were meant to aid in international expansion or to be intentionally misleading so as to avoid identification, liability, and loss of profit.

In sum, the other companies listed by Defendants are relevant to a determination of bad faith under the ACPA.

**B.      Company Information Required to Avoid Jury Confusion and Wasted Time**

Defendants hope this Court will prefer a quick trial rather than a complete one by insinuating that testimony regarding entity creation and function will be extensive. However, not identifying other companies that now, or in the past, were involved with Defendants' domain name registrations, use, or trafficking has a greater risk of jury confusion and wasted time. Defendants actually risk prejudice by not allowing the companies to be discussed, as jurors may believe NCS continues to be the sole registrant of domains in the portfolio.

Defendants have simply failed to show why the probative value of the existence of and operation of these other companies is substantially outweighed by any danger. Defendants are

simply seeking to limit evidence that the jury is entitled to consider in making a decision as it relates to Defendants' bad faith intent to profit.

## III.     Conclusion

For the reasons stated above, the Court should allow Plaintiff to introduce evidence concerning other companies associated with Defendants' domain name registration, use, or trafficking.

WHEREFORE, for all of the above-stated reasons, this Honorable Court is respectfully asked to deny Plaintiff's Motion in Limine No. 5 regarding other companies.

Respectfully submitted this 27th day of February, 2012.

/s/Enrico Schaefer
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
Lead Counsel for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
Co-Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of February, 2012, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Counsel for Plaintiff

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, PC
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

Anthony Patti (P43729)
HOOPER HATHAWAY, P.C.
126 South Main Street
Ann Arbor, MI  48104
734-662-4426
apatti@hooperhathaway.com
Co-counsel for Plaintiff

William A. Delgado (admitted pro hac vice)
WILLENKEN WILSON LOH & LIEB LLP
707 Wilshire Blvd., Ste. 3850
Los Angeles, CA  90017
213-955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

/s/Enrico Schaefer
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
Lead Counsel for Plaintiff

7