UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In the Matter of the Application of SETH JACOBY,

                Movant,

FOR AN ORDER TO QUASH A SUBPOENA in the
Southern District of New York, in a case pending in the
Eastern District of Michigan.

------------------------------------------------------X

Index No.: 12MISC00065

**AFFIDAVIT OF SETH JACOBY IN SUPPORT OF MOTION TO QUASH**

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF NEW YORK  )

        SETH JACOBY, being duly sworn, deposes and says:

1.      I am the former president of Firstlook, Inc. ("Firstlook"), a defendant in an action currently pending in the United States District Court for the Eastern District of Michigan, captioned *The Weather Underground, Inc. v. Navigation Catalyst Systems, Inc., a Delaware corporation; Connexus Corp., a Delaware corporation; Firstlook, Inc, a Delaware corporation; and Epic Media Group, Inc., a Delaware corporation* (Case No. 09-CV-10756) (the "Weather Underground Matter"). As such, I am fully familiar with the facts and circumstances herein and submit this affidavit in support of the application to quash the subpoena and issue a protective order pursuant to Fed.R. Civ.P. 45.

2.      On September 15, 2010, I was deposed by counsel for The Weather Underground, Inc. ("Plaintiff") in the Weather Underground Matter. The deposition was videotaped and took place over the course of the entire day. At the time, I was still president of Firstlook.

{00111265;1}

3. During my deposition, I testified at length about a wide variety of issues pertaining to Plaintiff's allegations in the Weather Underground Matter.

4. My employment with Firstlook ended on July 15, 2011. Soon thereafter, I began my own, independent Delaware limited liability company, with its primary office located in New York, New York. I am the sole member of the company, and I am responsible for its day to day operations and management.

5. It is my understanding that Plaintiff's counsel was notified in November 2011 that I was no longer employed by Firstlook.

6. On February 21, 2012, I was served with a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena"), attached hereto as Exhibit 1. The deposition was scheduled for March 1, 2012, to occur in New York, New York. I understand that counsel for Plaintiff issued this subpoena without seeking leave of the Court in the Weather Underground Matter, and that counsel for Plaintiff extended the return date of the Subpoena.

7. I was subsequently informed that the defendants in the Weather Underground Matter were moving for a protective order in the Eastern District of Michigan to quash the subpoena.

8. I was deposed on video tape at length concerning the Weather Underground Matter by counsel for Plaintiff over a year and a half ago concerning events which occurred years prior to that. I am no longer employed by Firstlook and have no connection to any of the defendants in the Weather Underground Matter whatsoever. I am currently working to get a new business up and running. Any further deposition of me would not only be a waste of time, but would also be extremely burdensome and a

major inconvenience. I have been informed by counsel that Plaintiff seeks to depose me for at least another seven hours. If the Subpoena is not quashed, I would have to miss an entire day from my current employment to submit to Plaintiff's unnecessary second deposition.

9. My direct supervisor while I was employed at Firstlook is still employed by the company and has knowledge similar to anything I may be asked to testify about. Additionally, engineers and trademark researchers who worked under my supervision while at Firstlook would be able to provide similar, first hand testimony as to any issues I may be called to testify about. Those employees handled and are most knowledgeable about the day-to-day issues Plaintiff seeks inquiry about. As I testified to in my original deposition, as President, I was higher on the chain and was not typically involved in the day-to-day activities of the company.

WHEREFORE, it is respectfully requested that the application seeking to quash the Subpoena and issuance of a protective order be granted and a judgment together with Movant's attorneys' fees be entered against the Weather Underground, Inc., and for such other further relief as the Court deems just and proper.

_____
SETH JACOBY

Sworn to before me this
5th day of March, 2012

_____
Notary Public

TANYA R. DeROSE
Notary Public, State of New York
No. 03-4973858
Qualified in New York County
Commission Expires Nov. 19, 2014

{00111265;1}                              3

# Exhibit 1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| The Weather Underground, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:08CV109756 |
| Navigation Catalyst Systems, Inc. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Eastern District of Michigan ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Seth Jacoby, at home: 1385 York Avenue, #16B, New York, NY 10021 (212-263-4942 or 212-816-1636)
or at employment: Flipside.com, 357 East 74th Street, 2nd Floor, New York, NY 10021

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Corporate Office Center | Date and Time: |
|---|---|
| 90 Park Avenue, 17th Floor | |
| New York, NY 10016-1302 (212-430-0400) | 03/01/2012 9:00 am |

The deposition will be recorded by this method: __court reporter and videographer__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/21/2012

CLERK OF COURT

OR

_____       _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
The Weather Underground, Inc.                      , who issues or requests this subpoena, are:
Enrico Schaefer, Traverse Legal, PLC, 810 Cottageview Drive, Unit G-20, Traverse City, MI 49684 (231-932-0411)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:08CV109756

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).