IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

       Case No. 2:09-CV-10756
       Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; FIRSTLOOK, INC.,
   a Delaware corporation; and EPIC MEDIA
   GROUP, INC., a Delaware corporation,

       Defendants.

_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & DELGADO LLP |
| TRAVERSE LEGAL, PLC | |
| 810 Cottageview Drive, Unit G-20 | 707 Wilshire Boulevard, Suite 3850 |
| Traverse City, MI  49686 | Los Angeles, CA  90017 |
| 231-932-0411 | (213) 955-9240 |
| enrico.schaefer@traverselegal.com | williamdelgado@willenken.com |
| brianhall@traverselegal.com | Lead Counsel for Defendants |
| Lead Attorneys for Plaintiff | |
| | Nicholas J. Stasevich (P41896) |
| Anthony P. Patti (P43729) | Benjamin K. Steffans (P69712) |
| HOOPER HATHAWAY, PC | BUTZEL LONG, P.C. |
| 126 South Main Street | 150 West Jefferson, Suite 100 |
| Ann Arbor, MI  48104 | Detroit, MI  48226 |
| 734-662-4426 | (313) 225-7000 |
| apatti@hooperhathaway.com | stasevich@butzel.com |
| Attorneys for Plaintiff | steffans@butzel.com |
| | Local Counsel for Defendants |

_____

**MOTION FOR LEAVE TO WITHDRAW AS DEFENDANTS' COUNSEL**

125384.1

# NOTICE OF MOTION AND MOTION

TO THIS HONORABLE COURT, PLAINTIFF, AND ITS ATTORNEYS OF RECORD:

Willenken Wilson Loh & Delgado LLP and Butzel Long, P.C. (collectively "Defendants' Counsel") hereby jointly move this court for leave to withdraw as counsel of record in this action.

The bases for this Motion are set forth in the Memorandum of Points and Authorities; to wit, the Connexus Defendants have failed to abide by their agreements with Defendants' counsel to pay for the legal services rendered in this matter and, further, do not presently have the ability to pay for legal services and out-of-pocket expenses that would be incurred in a three-week trial in this matter. Moreover, there has been a breakdown in communication and trust between attorney and client.

On May 6, 2012, the Willenken Firm met and conferred with Plaintiff's counsel regarding this motion and the basis for this motion. Plaintiff opposes this motion but does not oppose having a telephonic hearing on the motion.

RESPECTFULLY SUBMITTED this 7th day of May, 2012.

>   */s/William A. Delgado*
>   William A. Delgado
>   WILLENKEN WILSON LOH & DELGADO LLP
>   707 Wilshire Boulevard, Suite 3850
>   Los Angeles, CA 90017
>   (213) 955-9240
>   williamdelgado@willenken.com
>   Lead Counsel for Defendants

i

## STATEMENT OF THE ISSUE PRESENTED

Whether the Court should grant leave to Defendants' counsel to withdraw as a result of non-payment for legal services rendered?

Given the significant amount of non-payment at issue and the likelihood of non-payment for all services rendered through a three week trial in this matter, Defendants' counsel respectfully submit that the answer is "yes."

iii

## **CONTROLLING AUTHORITY**

The Court has discretion to grant leave to withdraw. *U.S. v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001).

2:09-cv-10756-MOB-VMM Doc # 283 Filed 05/07/12 Pg 4 of 12 Pg ID 7376

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Over the last six months, counsel for Defendants Connexus Corporation, Firstlook, Inc. and Navigation Catalyst Systems, Inc. (collectively "Connexus") have patiently waited for Connexus to pay bills that have been outstanding for months.  During that time, Defendants' Counsel have dutifully carried out their obligations to Connexus in a manner consistent with the Rules of Professional Conduct .

Nevertheless, it has recently become apparent that Connexus simply does not have the money necessary to pay its outstanding balance nor does it have money to pay for its defense in the trial in this matter.  For that reason, Defendants' Counsel respectfully seek leave to withdraw as counsel in this matter.

### II.    STATEMENT OF FACTS.

This Motion is premised on the following facts[1]:

1.     On March 9, 2009, Connexus entered into a written agreement (i.e., an engagement letter) with Willenken Wilson Loh & Lieb LLP ("Willenken Firm") pursuant to which the Willenken Firm would provide Connexus with legal representation in this matter. Declaration of William A. Delgado, dated May 4, 2012, at ¶ 2.

2.     The Willenken engagement letter specifically provided that the Willenken Firm would withdraw in the event of nonpayment of its legal fees.  Delgado Decl. at ¶ 3

---

[1] Given the nature of this motion and counsels' duties to maintain the confidentiality of their conversations with their clients, only a high-level set of relevant facts is set forth in this publicly-available document.  Nevertheless, to the extent the motion is opposed or the Court has questions regarding this motion, counsel would request that they be allowed to present the information *in camera* on an *ex parte* basis, as appropriate.

125384.1

3.      On January 25, 2010, Connexus entered into a written agreement (i.e., an engagement letter) with Butzel Long P.C. ("Butzel") pursuant to which the Butzel Firm would provide Connexus with legal representation in this matter. Delgado Decl. at ¶ 4.

4.      The Butzel engagement letter specifically provided that the Butzel Firm would withdraw in the event of Connexus failed to comply with its obligations under the agreement, including payment of fees. Delgado Decl. at ¶ 5.

5.      Since 2011, Connexus has failed to pay certain outstanding legal fees and expenses to both the Willenken Firm and Butzel Long. Defendants' Counsel has already advanced the costs of various out-of-pocket expenses for which payment likely will never be realized. Delgado Decl. at ¶ 6.

6.      Throughout 2012, the Willenken Firm and Connexus have attempted to structure various payment plans pursuant to which Connexus would make certain payments so that Defendants' Counsel would not need to withdraw from this matter. Delgado Decl. at ¶ 7.

7.      Connexus has not abided by the various payment plans and has been unable to pay past-due amounts or provide a trial retainer in this matter. Delgado Decl. at ¶ 8.[2]

### III. ARGUMENT

#### A. Non-Payment Is a Basis for Withdrawal.

The Court has discretion to grant leave to withdraw as counsel. *U.S. v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001). A lawyer's withdrawal from a matter is governed by the pertinent local and ethical rules. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009) (permitting withdrawal as a result of client's failure to pay). Both California (where the Willenken Firm and

---

[2] Connexus's failure to abide by these agreements has also resulted in a breakdown of trust and communication between attorney and client.

Connexus were based at the time the parties entered into the attorney-client relationship) and Michigan (where the operative office of Butzel Long is based) recognize a lawyer's right to withdraw if a client fails to pay the lawyers' expenses and fees. *See* California Rule of Professional Conduct 3-700(C)(1)(f)(allowing for permissive withdrawal if the withdraw is because "the client breaches an agreement or obligation to the member as to expenses and fees."); *see also* Michigan Rule of Professional Conduct 1.16(b) and subparagraph (4) and Dubin & Schwartz, Michigan Rules of Professional Conduct and Disciplinary Procedure, p 1-172.

Other jurisdictions also find withdrawal for nonpayment justifiable. "If during the course of litigation attorney fees are not paid when due, an attorney may demand payment of accrued fees and withdraw from the case if the fees are not paid within a reasonable time." *Reed Yates Farms Inc v. Yates,* 172 Ill. App. 3d. 519, 527; 122 Ill. Dec. 576; 526 N.E.2d 1115, 1121 (1988). "Justifiable cause for attorney withdrawal includes failure or refusal of a client to pay or secure the proper fees after being seasonably requested to do so." *Jacobs v. Pendel*, 98 N.J. Super 252, 255; 236 A2d 888, 890 (1967); *see also Hammond v. T.J. Little and Co.*, 809 F Supp. 156 (D. Mass. 1992)*; Dowling v. Peyroux*, 12 La App 551, 126 So 270 (1930); *Avery v. Jacob*, 59 N.Y. Super. Ct. 585, 15 N.Y.S. 564 (1891); *Pickard v. Pickard*, 83 Hun. 338, 31 N.Y.S. 987 (1894); *Harvey v. FW Dodge Corp.*, 169 Misc. 781, 8 N.Y.S.2d 935 (1938); *Fairchild v. General Motors Acceptance Corp*, 354 Miss. 261, 179 So. 2d 185 (1965); *Harms v. Simkin*, 322 S.W.2d 930 (Mo. Ct. App. 1959); *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965).

Before withdrawal under MRPC 1.16(b)(4) is permitted, a lawyer must give a client "reasonable warning that the attorney will withdraw unless the obligation is fulfilled." *See Bye v. Ferguson*, 138 Mich. App. 196; 360 N.W.2d 175 (1984) (Michigan Court of Appeals required

client notice regardless of whether a lawyer's withdrawal was justified). Connexus has always known that failure to pay its legal fees was a basis for withdrawal since that is explicitly explained in both of the operative engagement letters. Moreover, Defendants' Counsel met this obligation by advising the client of the consequences of nonpayment back in March 2012, including that counsel would seek permission to withdraw. Delgado Decl. at ¶ 7. Further, counsel has sent a copy of this motion and brief to Connexus.

Withdrawal in this case is particularly appropriate given that: (i) Connexus was provided various opportunities and payment plans in the last six months to bring its account current but has failed to do so, and (ii) the Willenken Firm is an out-of-state law firm that would incur substantial loss if it were unpaid during a three week jury trial in Detroit, Michigan. The Willenken Firm is a small, nine person firm that has already absorbed a significant loss in terms of attorney time and, more notably, out-of-pocket costs it advanced on behalf of Connexus that are almost certainly non-recoverable at this point.[3]

Requiring Defendants' Counsel to try this case in Detroit even in the face of Connexus' inability to pay costs associated with trial would be patently unjust. The First Circuit, in reversing a trial court's denial of a motion to withdraw for non-payment explained it best:

> Lieberman faces substantial additional financial exposure should he be required to go forward. Several pretrial matters have yet to be resolved, and the trial itself will last more than a week. **Counsel already has expenses that have not been reimbursed, and there may well be additional substantial expenses that will**

---

[3] Though Butzel is admittedly larger in size, it should not be saddled with the prospect of continuing to trial either. There is no greater likelihood that Butzel will be paid for its time and costs or released from the liability that attaches to continued representation.

4

**need to be incurred at trial.** It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. **We refuse to place counsel in such a position.** Under these circumstances, the lower court abused its discretion in refusing to let Lieberman withdraw.

*Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39-40 (1st Cir. 2001).

For these reasons, granting leave to withdraw would certainly be within the Court's discretion.

    B.    <u>There Would be No Prejudice in Permitting a Withdrawal.</u>

Defendants' Counsel understand that this motion will be filed close to the trial date, but it is important to note that an earlier attempt to withdrawal would likely have been viewed as "opportunistic" and in "bad faith" because the parties were in the midst of completing pre-trial preparations (including the filing of motions *in limine*, the pretrial conference, and the trial deposition of Seth Jacoby which only recently took place on April 12, 2012). *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* 310 F.3d 537, 541 (2002) ("An effort to withdraw earlier—while discovery deadlines were looming—might have been thought opportunistic…It is hard to see why this forbearance, from which the clients received a


substantial benefit, should compel [attorney] to contribute unpaid services for the indefinite future.").

Moreover, the motion would have been filed slightly sooner but for the fact that Connexus recently offered a payment structure which would have eliminated the need for this motion altogether (which can be explained *in camera*). At the same time, Connexus agreed that it would not object to this motion in the event that it was brought as a result of non-payment. Delgado Decl. ¶ 10. It was Connexus' recent default on this agreement that necessitated this motion.

In any event, there need not be any prejudice to Connexus or the interests of justice. Although a corporation cannot represent itself *pro se*, Connexus has an in-house attorney who has been responsible for managing this case for years, is eligible for admission to the bar of this Court and who has significant trial experience. He can certainly step in and try this case. Indeed, the Willenken Firm is willing to provide whomever steps in with all of its trial documents (e.g., strategy notes, exhibit binders, digitized exhibits, etc.) immediately upon entry of this Court's order permitting withdrawal.

Undoubtedly, Plaintiff's opposition will cry foul because the trial date is near. That, of course, assumes the Court is inclined to continue the trial date as opposed to simply require in-house counsel to proceed with trial on May 29, 2012. But, even if a continuance and a withdrawal went hand-in-hand, this Court must balance the *actual* loss that has already been suffered by Defendants' counsel as well as the *actual* future loss to be suffered by them against a *theoretical* loss by Plaintiff. Obviously, Plaintiff is not guaranteed to prevail at trial. And, even

if Plaintiff secures a monetary judgment, it can ask for prejudgment interest such that a continuance would not result in prejudice (as opposed to mere annoyance).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Counsel respectfully request that the Court grant this motion for leave to withdraw as counsel of record.

RESPECTFULLY SUBMITTED this 7th day of May, 2012.

<u>/s/William A. Delgado</u>
William A. Delgado
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

7

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2012, Pacific Time, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Enrico Schaefer (P43506) | Nicholas J. Stasevich (P41896) |
| Brian A. Hall (P70865) | Benjamin K. Steffans (P69712) |
| TRAVERSE LEGAL, PLC | BUTZEL LONG, P.C. |
| 810 Cottageview Drive, Unit G-20 | 150 West Jefferson, Suite 100 |
| Traverse City, MI 49686 | Detroit, MI 48226 |
| 231-932-0411 | (313) 225-7000 |
| enrico.schaefer@traverselegal.com | stasevich@butzel.com |
| brianhall@traverselegal.com | steffans@butzel.com |
| Lead Attorneys for Plaintiff | Local Counsel for Defendants |
| | |
| Anthony P. Patti (P43729) | William A. Delgado |
| HOOPER HATHAWAY, PC | WILLENKEN WILSON LOH & DELGADO LLP |
| 126 South Main Street | 707 Wilshire Boulevard, Suite 3850 |
| Ann Arbor, MI 48104 | Los Angeles, CA 90017 |
| 734-662-4426 | (213) 955-9240 |
| apatti@hooperhathaway.com | williamdelgado@willenken.com |
| Attorneys for Plaintiff | Lead Counsel for Defendants |

*/s/William A. Delgado*
William A. Delgado
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants