IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,

    Plaintiff,

vs.

NAVIGATION CATALYST SYSTEMS,
INC., et. al.

    Defendants.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

_____

| | |
|---|---|
| Enrico Schaefer (P43506) | Nicholas J. Stasevich (P41896) |
| Brian A. Hall (P70865) | Benjamin K. Steffans (P69712) |
| TRAVERSE LEGAL, PLC | BUTZEL LONG, PC |
| 810 Cottageview Drive, Unit G-20 | 150 West Jefferson, Suite 100 |
| Traverse City, MI  49686 | Detroit, MI  48226 |
| 231-932-0411 | (313) 225-7000 |
| enrico.schaefer@traverselegal.com | stasevich@butzel.com |
| brianhall@traverselegal.com | steffans@butzel.com |
| Lead Attorneys for Plaintiff | Local Counsel for Defendants |
| | |
| Anthony P. Patti (P43729) | William A. Delgado (admitted pro hac vice) |
| HOOPER HATHAWAY, PC | WILLENKEN WILSON LOH & DELGADO LLP |
| 126 South Main Street | |
| Ann Arbor, MI  48104 | 707 Wilshire Boulevard, Suite 3850 |
| 734-662-4426 | Los Angeles, CA  90017 |
| apatti@hooperhathaway.com | (213) 955-9240 |
| Attorneys for Plaintiff | williamdelgado@willenken.com |
| | Lead Counsel for Defendants |

_____

**PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE
TO WITHDRAW AS DEFENDANTS' COUNSEL**

i


**TABLE OF CONTENTS**

Statement of the Issue Presented ................................................................................... 1

Procedural History and Background............................................................................... 2

Argument......................................................................................................................... 4

      A.    This Court has discretion to deny a motion to withdraw for timeliness, prejudice to parties or efficiency in administration of justice.................................................................................................... 4

Conclusion ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ............... 8

*Brandon v. Blech*, 560 F. 3d 536, 538 (6th Cir. 2009) ................................. 5, 6

*Brown v. National Survival Games, Inc.*, 1994 WL 660533 at *3
   (N.D.N.Y., November 18, 1994) ..................................................... 6

*Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*,
   310 F.3d 537, 541 (2002) ........................................................ 5, 6

*Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39-40 (1st Cir. 2001) ................... 7

*Meznarich v. Morgan Waldron Insurance Management LLC*, No. 1:10CV2532,
   (N.D. Ohio 2012) ................................................................ 6, 7

*Nutt v. Kees*, No. 3:10cv00307 SWW, (E.D. Ark. 2011) ................................. 8

*Rowland v. California Men's Colony*, 506 U.S. 194, 201-02,
   113 S. Ct. 716, 721 (1993) ....................................................... 8

*Tribuilt Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052,
   2011 WL 2357659 at *1 (W.D. Ark. 2011) ........................................... 8

*U.S. Securities and Exchange Commission v. Paul Merklinger, et al*,
   No. 08-CV-13184, Dkt. # 43 ....................................................... 7

*U.S. v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001) ..................................... 5

*United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir. 1990) ...................... 4

*Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ...... 6

*Whiting v. Lacara*, 187 F.3d 317, 320-21 (2nd Cir. 1999) ............................. 6

**Rules**

E.D. Mich. LR 83.30(a) ............................................................................................... 4

**STATEMENT OF THE ISSUE PRESENTED**

Whether the Court should grant leave to Defendants' counsel to withdraw as a result of non-payment for legal services rendered?

Given the lateness of this motion, the potential prejudice to Plaintiff and the multiple adjournments of trial previously requested by Defendants, Plaintiff respectfully submits that the answer is "no."

## PROCEDURAL HISTORY AND BACKGROUND

Defendants have been playing shell games with this case since Day One. Recall that the registrant of the subject domains is Navigation Catalyst Systems, Inc. (NCS), a shell company with no employees, bank accounts or assets. There are layers of wholly owned subsidiaries, reverse triangular mergers, and now a complete movement of all company assets to a new company owned by the former President of co-Defendant and parent company Firstlook, Inc. (Firstlook), Seth Jacoby. Two years ago, the domain portfolio was moved under proxy so no one could see who the registrant is of over 100,000 domains. The registrar services were moved offshore to Vietnam.

Trial was originally scheduled for October 3, 2011 (Dkt 174). On August 16, 2011 Defendants moved to Move the Trial Date arguing for more time (Dkt 206). On September 1, 2011, the Court granted Defendants' motion and moved the trial date to March 12, 2012 (Dkt 220). The March 12, 2012, date was moved, as a result of a Court conflict, to March 26, 2012.

On March 5, 2012, Defendants again moved to change the trial date in order to accommodate the same counsel who now seeks to withdraw and certain witnesses, including Defendants' in house counsel David Graff (Dkt 271). Plaintiff opposed the motion, concerned that Defendants were trying to delay the process to get beyond the one year look-back period for insider transactions in bankruptcy. On March 8, 2012, the Court entered an Order granting Defendants' motion to move the trial date yet again, this time to May 29, 2012 (Dkt 278). The Court appeared resolute that there would be no more changes in the trial date.

Counsel has not even attempted to explain why it has waited until the last possible moment to seek withdrawal, if in fact they have not been paid in many months, predating the previous motion to change the trial date. Of particular concern is the fact that nowhere in counsel's motion to withdraw is there any representation or assurance that, if allowed to withdraw, substitute counsel is ready to appear. It is unclear how withdrawal could occur without new counsel ready to appear contemporaneously. As noted below, Corporate Defendants must be represented by counsel and may not appear pro se.

Admittedly, counsel is certainly not required to cover the costs of litigation.  If Defendants cannot pay or will not pay its attorneys the airfare and hotel accommodations required to prepare for trial, then this matter should move towards a default judgment against Defendants.

Keep in mind that the former FirstLook president, Seth Jacoby, recently testified that he is making quarterly payments to Defendants on the $8 million purchase price for virtually all the domain names, domain registrar and domain parking assets. It appears that Defendants have refused to pay their attorneys, not because they do not have money coming in, but because they want them to withdraw in order to make judgment and collection more difficult on Plaintiff. Delay only works to Defendants' advantage into the severe prejudice of the Plaintiff. We now know that most of the defendants' assets were moved to Seth Jacoby's new company in June and July of last year. Delaying the case past the one-year anniversary of the movement of assets would preclude those assets from being pulled back as insider transactions under the bankruptcy code.

If, in fact, Defendants did not have the ability to pay any attorney, then there is no reason to delay the inevitable. If Defendants can't pay these attorneys, they won't be able to pay any attorneys. No attorney is going to step into a case where former counsel withdrew on the eve of trial on the basis that their client had no money. While we appreciate the dilemma of defense counsel Delgado, there has been no evidentiary showing that Defendants can't pay. It is more likely that Defendants are simply executing a plan of delay as part of their plan to liquidate and transfer assets. It is simply too late in the process to allow counsel to withdraw, further prejudice Plaintiff, and jeopardize Plaintiff's right to a timely trial and collection of a judgment if successful.

While there is a suggestion that David Graff, Defendants' in-house counsel and previously deposed witness, may step in to represent the Defendants, there are no assurances. Absent assurances that the trial date will not move, Plaintiff is left no choice but to vigorously oppose this motion.

## ARGUMENT

**A. This Court has discretion to deny a motion to withdraw for timeliness, prejudice to parties or efficiency in administration of justice.**

The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the discretion of the district court. *United States v. Iles*, 906 F.2d 1122, 1130 n.8 (6th Cir. 1990). The Eastern District of Michigan Local Rule states that "[w]ithdrawal of appearances may be accomplished only by leave of Court on motion of counsel." E.D. Mich. LR 83.30(a).

In considering a motion to withdraw or substitute counsel, the court "generally must look at: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice. [citations omitted]." *U.S. v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001).

In this case, the motion is not timely. The motion is supported only by superficial suggestions about Defendants' ability, or inability, to pay for counsel. There has been no showing about a conflict which would preclude Defendants from working with counsel at trial. The prompt and efficient administration of justice supports a denial of the motion to withdraw. In fact, there can be no withdrawal of counsel, until new counsel files an appearance. Corporate parties may not represent themselves.

A district court may forbid the withdrawal of an attorney "if it would work severe prejudice on the client or third parties." *Brandon v. Blech*, 560 F. 3d 536, 538 (6th Cir. 2009) (citing *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* 310 F.3d 537, 541 (2002). "Every circuit to take up the issue of withdrawal for failure to pay fees has looked to the rules governing professional conduct for guidance." *Id.* at 538. Satisfying the rules of professional conduct does not guarantee a right to withdraw but merely confirms that the withdrawal is "presumptively appropriate." *Id.* Moreover, this presumption can be rebutted by a showing that counsel's withdrawal would be unfairly prejudicial to any party or would amount to "strategically timed or coercive

5

behavior." *Id*. at 538 (citing *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540-41 (7th Cir. 2002).

Courts look at the timing of withdrawal as well as future deadlines. District courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2nd Cir. 1999), quoting *Brown v. National Survival Games, Inc.*, 1994 WL 660533 at *3 (N.D.N.Y., November 18, 1994); see also, *Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000). In this case, there's no question that allowing withdrawal of counsel on the eve of trial will not only disrupt the trial date but potentially leave the case in limbo as Defendants presumably seek new counsel without the 'ability to pay.'

A recent Northern District of Ohio court refused to allow defendant's counsel to withdraw when a withdrawal would halt the discovery process and filing of dispositive motions. *Meznarich v. Morgan Waldron Insurance Management LLC*, No. 1:10CV2532, (N.D. Ohio 2012). The withdrawal would have been prejudicial to parties because of the substantial length of time already accrued. *Id.* ("Withdrawal by Counsel at this crucial stage would, minimally, severely hamper the ability of the Morgan Waldron Defendants to participate in the discovery process and, at worst, completely halt the ongoing litigation and leaving the Court without the ability to effectively communicate with Morgan Waldron LLC".)

A recent Eastern District of Michigan court denied a motion by defendant's counsel to withdraw two weeks before the deadline for the filing of a court-ordered motion to dismiss. *U.S. Securities and Exchange Commission v. Paul Merklinger, et al*,

6

No. 08-CV-13184, Dkt. # 43. It viewed the motion as "highly untimely." *Id.* Defendant's counsel was one of a revolving door of attorneys and the proposed 30-day delay to find substitute counsel would interfere with "the prompt and efficient administration of justice." *Id.* at 6. Here, counsel has not even attempted to explain how they could have waited until three weeks before trial when non-payment appears to been going on for most of the last year.

Defendants' counsel cites an unpublished decision, where a client owed over $80,000 to its attorney, for the premise that "[i]t simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement." *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39-40 (1st Cir. 2001). However, in that case discovery had not concluded and a discovery dispute was still outstanding at the time the court granted withdrawal. *Id.*

The Meznarich court noted that "[c]ounsel's motion only indicates that [Defendant] has not paid, which is drastically different from informing the Court that [Defendant] does not possess the ability to pay or perhaps has refused to do so." *Meznarich v. Morgan Waldron Insurance Management LLC*, No. 1:10CV2532 (N.D. Ohio 2012). While Defendants' counsel notes that it warned of potentially withdrawing in March, Defendants may have satisfied counsel's demands with a "payment structure which would have eliminated the need for this motion altogether." (Def. Mot. to Withdraw at Pg. 6.) Again, there is no affidavit from Defendants or other evidence to

7

support the proposition that they can't pay their attorney. By appearances, Defendants have simply chosen not to pay their counsel for the improper purpose of causing delay. Recent depositions confirmed a sale of assets which should be generating substantial payments to Defendants through 2015.

To the extent Defendants are simply leveraging their own attorney as part of the overall delay strategy, this Court should keep the trial date in place, but make it clear that counsel need not cover client costs. Either counsel shows up at trial or this Court can grant a default judgment against Defendants.

If Defendants were not to obtain new counsel, they would be left unrepresented indefinitely into the future. A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993). A business would be "technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed pro se." *Tribuilt Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052, 2011 WL 2357659 at *1 (W.D. Ark. 2011) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)). It is unclear how a default judgment could be entered against defendants who had no attorney of record and cannot legally represent themselves. With corporate defendants, the better practice is to require new counsel to appear before letting old counsel out.

In a recent Eastern District of Arkansas case, the court postponed granting a law firm's motion to withdraw for three weeks until the corporate defendants obtained substitute counsel. *Nutt v. Kees*, No. 3:10cv00307 SWW, (E.D. Ark. 2011). If the

8

defendants did not find counsel within three weeks, they "may be subject to a default judgment in favor of plaintiffs. *See id.*; *Fingerhut*, 86 F.3d at 856-57." This order would seem appropriate in this case since it is so close to trial.

## CONCLUSION

Defendants' counsel are attempting to withdraw less than three weeks before trial. This motion is untimely and would work to the severe prejudice of the Plaintiff. Plaintiff would request that this Court DENY the motion. If David Graff is really willing to step in and try this case, Plaintiff has no objection; however, he should file such a motion and confirm his availability to handle the trial as currently scheduled before allowing these attorneys to withdraw. If this matter is heading for default judgment, efficiency demands we get there sooner rather than later.

Respectfully submitted this 14th day of May, 2012.

/s/Enrico Schaefer
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com

Lead Counsel for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com

Attorneys for Plaintiff

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2011, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI  48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

William A. Delgado (admitted pro hac)
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA  90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, PC
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

/s/Enrico Schaefer
Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI  49686
231-932-0411
enrico.schaefer@traverselegal.com
Lead Counsel for Plaintiff