IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; FIRSTLOOK, INC.,
   a Delaware corporation; and EPIC MEDIA
   GROUP, INC., a Delaware corporation,

       Defendants.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

---

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & DELGADO LLP |
| TRAVERSE LEGAL, PLC | |
| 810 Cottageview Drive, Unit G-20 | 707 Wilshire Boulevard, Suite 3850 |
| Traverse City, MI 49686 | Los Angeles, CA 90017 |
| 231-932-0411 | (213) 955-9240 |
| enrico.schaefer@traverselegal.com | williamdelgado@willenken.com |
| brianhall@traverselegal.com | Lead Counsel for Defendants |
| Lead Attorneys for Plaintiff | |
| | Nicholas J. Stasevich (P41896) |
| Anthony P. Patti (P43729) | Benjamin K. Steffans (P69712) |
| HOOPER HATHAWAY, PC | BUTZEL LONG, P.C. |
| 126 South Main Street | 150 West Jefferson, Suite 100 |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| 734-662-4426 | (313) 225-7000 |
| apatti@hooperhathaway.com | stasevich@butzel.com |
| Attorneys for Plaintiff | steffans@butzel.com |
| | Local Counsel for Defendants |

---

## DEFENDANTS' REPLY MEMORANDUM ISO MOTION TO WITHDRAW

125519.1

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Plaintiff seeks to impose a significant hardship on Defendants' Counsel without any showing of actual prejudice. The one argument that Plaintiff puts forward in this respect—that the clock is ticking on a hypothetical bankruptcy trustee's one-year "look back" period—is, for reasons explained below, incorrect as a matter of law. Given the actual prejudice to Defendants' Counsel to proceed with a three week trial in Detroit without any recompense, Defendants' Counsel respectfully requests that the Court grant the motion.

II.  ARGUMENT

Below are Defendants' Counsel's responses to the various arguments in Plaintiff's opposition.

**Plaintiff's Argument 1**: "Counsel has not even attempted to explain why it has waited until the last possible moment to seek withdrawal, if in fact they have not been paid in many months…"

**Response**: Actually, Counsel *did* explain why it did not bring this motion earlier, namely (i) an earlier motion would have prejudiced Defendants as they would have been left without counsel in the midst of pre-trial proceedings (i.e., a pretrial conference, a motion for continuance based on availability of witnesses, and the trial deposition of Seth Jacoby) and (ii) Defendants represented that they would fully comply with their financial obligations by May 1, 2012 (and take other steps to effect a substitution of counsel in the event of non-payment), thereby mooting the present motion and allowing trial to proceed as scheduled. Unfortunately, Defendants failed to act as they represented they would, making the present motion necessary.

125519.1

Moreover, and as Defendants' Counsel pointed out in their moving papers, this is a motion to withdraw. The standard procedure is to make a motion, in general terms, without compromising the client's information unless disclosure is permitted and necessary (e.g., because the motion is opposed). *Accord* California Rule of Court 3.1362 ("The motion to be relieved as counsel must be accompanied by a declaration... **The declaration must state in general terms and without compromising the confidentiality of the attorney-client relationship** why a motion under Code of Civil Procedure section 284(2) is brought instead of filing a consent under Code of Civil Procedure section 284(1)").[1] In any event, Defendants' Counsel will obviously be ready to provide a more detailed explanation of the chronology of events at the hearing, without compromising the attorney-client privilege.

**Plaintiff's Argument 2**: "It appears that Defendants have refused to pay their attorneys, not because they do not have money coming in, but because they want them to withdraw in order to make judgment and collection more difficult on Plaintiff."

**Response**: As *outside* counsel, Defendants' Counsel do not have unfettered access to all of Defendants' financial information. However, the public information that *is* available to Defendants' Counsel suggests that Defendants are not inappropriately trying to delay but, rather, that Defendants (and their parent company, Epic Media) are simply going bankrupt. *See* Exhibit A hereto (lawsuit recently filed in February 2012 against Connexus for non-payment), Exhibit B hereto (March 2012 e-mail by a creditor to David Graff threatening the filing of a lawsuit and/or involuntary bankruptcy for non-payment), and Exhibit C hereto (e-mail notification of a lawsuit

---

[1] Obviously, counsel is cognizant that California rules of court do not govern procedure in a federal court in Michigan. Nevertheless, the California rule embodies the general principle that governs these motions and is provided for exemplary purposes.

2

filed in May 2012 against Connexus for non-payment). In addition, Defendants' Counsel are aware of another lawsuit filed in Suffolk County, New York entitled *J Carter Marketing, Inc. v. Traffic Marketplace Inc. and Epic Marketplace, Inc.* (Justice Hector D. LaSalle presiding) though they were unable to secure the complaint in time for this reply. Lastly, Internet articles seem to support the notion that the entire Epic Media enterprise is failing. A blog article from May 10, 2012 is entitled "Former Epic Execs: Leaving a Sinking Ship?" and confirms that there is "a constant drumbeat of rumor that Epic isn't paying publishers or partner networks." *See* Exhibit D hereto. A blog article published on May 13, 2012 is entitled "Epic Fails: Who Is Next?" states that "[l]ast week Epic (fka Azoogle) confirmed with Performance Marketing Insider that they were indeed closing down, unable to pay their publishers and affiliates." *See* Exhibit E hereto.

In short, all available information suggests that Defendants are not just delaying this case. Apparently, they are not paying *anyone*, which indicates a lack of money. Perhaps Defendants thought they could "turn things around" by May 1, 2012, and those efforts fell short. In any event, the end result is the same: Defendants' Counsel has not been paid and, almost certainly, will not be paid for the upcoming trial.

**Plaintiff's Argument 2**: Defendants are simply trying to delay the case to get beyond the one-year look back period for insider transactions in bankruptcy.

**Response**: Presumably, Plaintiff, in anticipation of a declaration of bankruptcy by Defendants, is suggesting that Defendants are trying to get beyond the one year "look back" provision in Section 547 of the Bankruptcy Code for preferential transfers. However, on its face, Section 547 applies to a transfer of property "**for or on account of an antecedent debt** owed by the debtor

3

before such a transfer was made." 11 U.S.C. § 547(b)(2) (emphasis added). There has been no testimony that the sale of assets to Seth Jacoby was "on account" of an antecedent debt owed by Connexus to Mr. Jacoby. To the contrary, as a result of the transaction, Mr. Jacoby became a debtor of Connexus. Thus, this provision appears to be inapplicable irrespective of when trial takes place.

Perhaps Plaintiff meant to argue that the asset sale to Mr. Jacoby was fraudulent because Connexus did not receive sufficient consideration for the assets. While Defendants would strongly deny such an allegation (and there is no evidence that would support such an allegation), the "look back" period for such transactions is **two years.** 11 U.S.C. § 548. Given that the asset sale to Jacoby took place in August 2013,there is absolutely no prejudice to Plaintiff if entry of judgment (if any) takes place later in 2012.

**Plaintiff's Argument 3**: Granting the motion would leave the case "in limbo."

**Response**: No, it wouldn't. Even if the Court continued the trial in this matter by some period of time, one of two things would happen: (i) Connexus would not be able to find new counsel, in which case a default judgment would be entered against it or (ii) Connexus would be able to secure counsel to try the case. In any event, that is hardly "limbo."

In addition, the *Merklinger* case cited by Plaintiff is easily distinguished. As Plaintiff conceded, in *Merklinger*, defendants had been "represented" by a revolving door of counsel, none of whom ever wanted to affirmatively appear on defendants' behalves. That is hardly the case here. Defendants have had one and only one lead counsel in this case who is only seeking withdrawal now because it would be financially catastrophic for him to proceed with a three week trial without payment.

4

**Plaintiff's Argument 4**: The Court should enter an order which requires Defendants to find new counsel within three weeks or be subject to default judgment.

**Response**: In making this argument it appears that Plaintiff is not opposing the motion but simply asking that the Court enter an order with consequences. That is fine. Such an order would be typical in this situation, and the Court should proceed with such an order. Defendants will either secure counsel within the time period provided by the Court (e.g., 3 weeks, 30 days, etc.), or they will not, in which case they risk entry of default judgment. But, such an order avoids the obviously unjust result of requiring that counsel provide Defendants with free legal representation at their own expense.

### III.   CONCLUSION

Defendants' Counsel respectfully request that their motion be granted and withdrawal be permitted. While counsel is fully cognizant that this motion is of significant annoyance to Plaintiff (and, perhaps, this Court as well), counsel respectfully submits that annoyance is not prejudice. On the other hand, requiring counsel to attend a three week jury trial without the prospect of payment (while already shouldering a significant burden in terms of unpaid fees that are likely to remain unpaid) would be significantly prejudicial.

RESPECTFULLY SUBMITTED this 15th day of May, 2012.

> */s/William A. Delgado*
> William A. Delgado
> WILLENKEN WILSON LOH & DELGADO LLP
> 707 Wilshire Boulevard, Suite 3850
> Los Angeles, CA  90017
> (213) 955-9240
> williamdelgado@willenken.com
> Lead Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2012, Pacific Time, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)  
Brian A. Hall (P70865)  
TRAVERSE LEGAL, PLC  
810 Cottageview Drive, Unit G-20  
Traverse City, MI  49686  
231-932-0411  
enrico.schaefer@traverselegal.com  
brianhall@traverselegal.com  
Lead Attorneys for Plaintiff  

Anthony P. Patti (P43729)  
HOOPER HATHAWAY, PC  
126 South Main Street  
Ann Arbor, MI  48104  
734-662-4426  
apatti@hooperhathaway.com  
Attorneys for Plaintiff  

Nicholas J. Stasevich (P41896)  
Benjamin K. Steffans (P69712)  
BUTZEL LONG, P.C.  
150 West Jefferson, Suite 100  
Detroit, MI  48226  
(313) 225-7000  
stasevich@butzel.com  
steffans@butzel.com  
Local Counsel for Defendants  

William A. Delgado  
WILLENKEN WILSON LOH & DELGADO LLP  
707 Wilshire Boulevard, Suite 3850  
Los Angeles, CA  90017  
(213) 955-9240  
williamdelgado@willenken.com  
Lead Counsel for Defendants  

*/s/William A. Delgado*  
William A. Delgado  
WILLENKEN WILSON LOH & DELGADO LLP  
707 Wilshire Boulevard, Suite 3850  
Los Angeles, CA  90017  
(213) 955-9240  
williamdelgado@willenken.com  
Lead Counsel for Defendants