IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

THE WEATHER UNDERGROUND, INC.,
   a Michigan corporation,

       Plaintiff,

vs.

Case No. 2:09-CV-10756
Hon. Marianne O. Battani

NAVIGATION CATALYST SYSTEMS, INC.,
   a Delaware corporation; CONNEXUS CORP.,
   a Delaware corporation; FIRSTLOOK, INC.,
   a Delaware corporation; and EPIC MEDIA
   GROUP, INC., a Delaware corporation,

       Defendants.

_____

| | |
|---|---|
| Enrico Schaefer (P43506) | William A. Delgado |
| Brian A. Hall (P70865) | WILLENKEN WILSON LOH & DELGADO LLP |
| TRAVERSE LEGAL, PLC | |
| 810 Cottageview Drive, Unit G-20 | 707 Wilshire Boulevard, Suite 3850 |
| Traverse City, MI  49686 | Los Angeles, CA  90017 |
| 231-932-0411 | (213) 955-9240 |
| enrico.schaefer@traverselegal.com | williamdelgado@willenken.com |
| brianhall@traverselegal.com | Lead Counsel for Defendants |
| Lead Attorneys for Plaintiff | |
| | Nicholas J. Stasevich (P41896) |
| Anthony P. Patti (P43729) | Benjamin K. Steffans (P69712) |
| HOOPER HATHAWAY, PC | BUTZEL LONG, P.C. |
| 126 South Main Street | 150 West Jefferson, Suite 100 |
| Ann Arbor, MI  48104 | Detroit, MI  48226 |
| 734-662-4426 | (313) 225-7000 |
| apatti@hooperhathaway.com | stasevich@butzel.com |
| Attorneys for Plaintiff | steffans@butzel.com |
| | Local Counsel for Defendants |

_____

**<u>DEFENDANTS CONNEXUS CORPORATION, FIRSTLOOK, INC., AND NAVIGATION CATALYST SYSTEMS, INC.'S MEMORANDUM ON REMAINING ISSUES PRIOR TO TRIAL</u>**

125626.1

**MEMORANDUM**

I.   **INTRODUCTION.**

For the convenience of the Court, Defendants Connexus Corporation, Navigation Catalyst Systems, Inc., and Firstlook, Inc. respectfully submit this memorandum identifying remaining evidentiary issues and practical considerations with respect to the trial in this matter. [1]

II.  **REMAINING EVIDENTIARY ISSUES.**

1.   <u>Plaintiff's Identification of David Graff as a Trial Witness</u>.  Plaintiff has identified David Graff as a trial witness in this matter.  Defendants will object to Plaintiff calling Mr. Graff.

During the relevant time period, David Graff was the General Counsel of the Epic Media Group and, after Epic's acquisition of Connexus, General Counsel for the group of Connexus subsidiaries.  Mr. Graff appeared as Epic's 30(b)(6) deponent on the issue of Epic's liability, but, as the Court will recall, Epic has been dismissed from this matter.

Defendants' objection is based on the following: (i) David Graff has no personal knowledge of what occurred at Connexus during the relevant time period because Epic acquired Connexus in May 2010; (ii) his personal knowledge of how Epic structured its acquisition of Connexus is irrelevant because Epic has already been dismissed from this case; and (iii) as General Counsel for the company, his knowledge and communications with others are likely protected by the attorney-client privilege and/or the attorney work product doctrine, neither of which have been waived either explicitly or implicitly.

---

[1] These issues are in addition to the "Evidentiary Issues" identified by the parties in the Bench Book submitted to the Court at the pretrial conference on February 28, 2012.

1

125626.1

2.  <u>Jury trial on damages</u>.  As the Court may recall, Defendants maintain that they are entitled to a jury on both issues: liability and damages.  At the pretrial conference, Plaintiff indicated that this issue might be moot because Plaintiff would agree to an "advisory jury."

Plaintiff's suggestion of an advisory jury—which merely advises but leaves the ultimate decision-making power with the Court—does not moot the issue.  The parties should be advised, prior to the commencement of trial, of the Court's ruling on the issue of whether the jury will sit in full judgment or merely in judgment on liability with its decision on damages relegated to that of an "advisory one."  For the reasons set forth in Defendants' previous briefs on this issue, Defendants respectfully submit that they are entitled to a jury on the issues of liability *and* damages because of the Seventh Amendment to the Constitution.

3.  <u>The admissibility of Plaintiff's previous settlement agreements</u>.  Plaintiff has indicated that it will object to the introduction into evidence of Plaintiff's cease and desist letters to third parties and informal settlement agreements.  Defendants believe such evidence is both relevant and admissible and respectfully request oral argument on the issue.

4.  <u>Addition of exhibits by Plaintiff</u>.  Consistent with this Court's earlier orders, the parties assembled a Pretrial Conference Bench Book that was filed on February 28, 2012.  That Bench Book contained the exhibit list jointly prepared by the parties noting: (i) the stipulated exhibits, (ii) plaintiff's exhibits and defendants' objections thereto, and (iii) defendants' exhibits and plaintiff's objections thereto.

On March 23, 2012, less than a week before trial, Plaintiff notified Defendants that it sought to amend the exhibit list and add an additional thirty-seven (37) exhibits.  Most, if not all, of these exhibits are exhibits from depositions that took place in 2010.  Correspondingly,

Plaintiff has had these exhibits in their possession for nearly two years, and it should have identified these exhibits by February 28, 2012. Plaintiff's eleventh hour addition of new exhibits prejudices Defendants in that it detracts counsel from preparing for trial based on the exhibits previously identified and forces counsel to turn its attention to preparing individualized objections to each of the new exhibits.

### III.    REMAINING PRACTICAL ISSUES/QUESTIONS.

1. <u>Trial time allocation</u>. The Court has provided the parties with a trial calendar, and Defendants assume that total trial time will be split equally between Plaintiff and Defendants, collectively, and seek to ensure that assumption is correct.

2. <u>Accommodation of witnesses // Taking witnesses out of order</u>. Defendants' witnesses will consist of two experts, John Berryhill and Richard Korf, and former employees of Defendants, none of whom work for Defendants any longer. Some of these former employees are employed at other companies, such that their attendance at trial is subject to the constraints of their present employment.

The parties have already met and conferred regarding Mr. Berryhill, and Plaintiff has agreed that Mr. Berryhill can testify on May 31, 2012, during Plaintiff's case-in-chief, in order to accommodate Mr. Berryhill's schedule. Defendants would request that Plaintiff (or the Court if Plaintiff is unwilling) would extend the same courtesy, as needed, to Defendant's other witnesses. For example, because Mr. Korf teaches on Mondays and Wednesday, he has arranged to appear at trial on Tuesday, June 5th. Similarly, Donnie Misino, is only available to testify at trial on June 8th. Defendants would like to raise the possibility of going longer on each of those

3

days, if the Court's calendar permits and, if necessary, to make sure that both parties have the ability to fully examine the witnesses as needed.

  3. <u>Deposition Testimony</u>.

  For purposes of deposition testimony to be read or played (in the case of video), Defendants respectfully request that such testimony be provided to the opposing party a certain amount of time in advance of the use of such testimony at trial so that the opposing party has time to designate counter-designations for the sake of completeness and provide the Court with written objections upon which the Court can rule.

  4. <u>Use of stipulated exhibits during opening statement</u>.

  Defendants do not object to the use of stipulated exhibits (i.e., exhibits that are in evidence as stipulated to by the parties in advance of trial) in opening statements and requests that the Court clarify whether the use of such exhibits is permissible.

//

//

4

125626.1

     5.    <u>Cross-examinations beyond the scope of direct testimony</u>.

Both parties seek to present many of the same witnesses in their respective cases. Given that many witnesses will be traveling to trial from out-of-town, Defendants have no objection to the cross-examination of witnesses going beyond the scope of direct testimony so that the witnesses do not have to return to court during a different part of the trial and requests that the Court allow same.

                              Respectfully Submitted,

Dated: May 25, 2012               */s/William A. Delgado*
                                        William A. Delgado
                                        WILLENKEN WILSON LOH & DELGADO LLP
                                        707 Wilshire Boulevard, Suite 3850
                                        Los Angeles, CA 90017
                                        (213) 955-9240
                                        williamdelgado@willenken.com
                                        Lead Counsel for Defendants

125626.1

# CERTIFICATE OF SERVICE

      I hereby certify that on May 25, 2012, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to the following:

Enrico Schaefer (P43506)
Brian A. Hall (P70865)
TRAVERSE LEGAL, PLC
810 Cottageview Drive, Unit G-20
Traverse City, MI 49686
231-932-0411
enrico.schaefer@traverselegal.com
brianhall@traverselegal.com
Lead Attorneys for Plaintiff

Anthony P. Patti (P43729)
HOOPER HATHAWAY, PC
126 South Main Street
Ann Arbor, MI 48104
734-662-4426
apatti@hooperhathaway.com
Attorneys for Plaintiff

Nicholas J. Stasevich (P41896)
Benjamin K. Steffans (P69712)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
stasevich@butzel.com
steffans@butzel.com
Local Counsel for Defendants

William A. Delgado
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017
(213) 955-9240
williamdelgado@willenken.com
Lead Counsel for Defendants

          */s/William A. Delgado*
          William A. Delgado
          WILLENKEN WILSON LOH & DELGADO LLP
          707 Wilshire Boulevard, Suite 3850
          Los Angeles, CA 90017
          (213) 955-9240
          williamdelgado@willenken.com
          Lead Counsel for Defendants